TEXAS EMPLOYERS' INSURANCE
ASSOC., Appellant,

v.

Kenneth Spriggs STEADMAN and Helena F.
Steadman, Appellees.

No. 7859.

Court of Civil Appeals of Texas.

Amarillo.

June 24, 1968.

Rehearing Denied Aug. 26, 1968.

Gardere, Porter & DeHay, Gordon H.
Rowe, Jr., Dallas, of counsel, for appellant.

Gordon, Gordon & Buzzard, Ross N.
Buzzard, Pampa, of counsel, for appellees.

CHAPMAN, Justice.

This is a venue case.

The suit was instituted by appellees, Kenneth Spriggs Steadman and wife, Helena F. Steadman, against appellant, Texas Employers' Insurance Assoc., insurance carrier for Boman-Chase Construction Co. as an appeal from a denominated "final award" of the Industrial Accident Board of Texas denying a second claim for nursing services rendered by Mrs. Steadman to her said husband as a result of injuries he sustained on April 6, 1964, in his capacity as a pipe-fitter for the construction company.

The subject claim was for the six months' period from April 18, 1967, to October 18, 1967. The board had previously made a favorable award to the parties for the period immediately prior to April 18, 1967, and appellant had appealed the award to the 160th District Court of Dallas County, Texas, where it was still pending. Both claims for nursing services were made pursuant to the "open medical" provision of Sec. 5 of Art. 8307, Vernon's Ann.Tex. Civ.St. The last claim was denied by the board upon its ruling that the first award for nursing services was appealed and is still pending, so " * * * it is without jurisdiction to rule on nursing bills incurred from date of last award on April 18, 1967, up to date of judgment, * * *."

The judgment for total and permanent disability benefits rendered by the District Court of Hansford County for Mr. Steadman, out of which the nursing claims grew, was appealed to our court and affirmed on April 24, 1967 (Texas Employers' Insurance Assoc. v. Steadman, 415 S.W.2d 211). Upon an application for writ of error to the Supreme Court of Texas

that court affirmed the two lower courts on October 4, 1967, and on March 13, 1968, overruled the insurance carrier's motion for rehearing.

Appellant is before us on its appeal from an order of the District Court of Hansford County denying its plea of privilege to have the case transferred to its domiciliary county, Dallas. Its point is that since the Industrial Accident Board correctly held it was without jurisdiction to take any action on the claim, then with equal or stronger reason the District Court was without jurisdiction to do so. Such contention of appellant here is contrary to the position taken by it in the trial court on the same plea of privilege in that it there asked for an order of the court transferring the case to Dallas. If the trial court was without jurisdiction it had no authority to order a transfer.

The position of appellant is that the Industrial Accident Board has no jurisdiction to consider a successive medical care claim until all appellate relief is finally concluded either by an award of the board, final for lack of appeal or, if appealed, a judgment of the trial court that has become final after all appellate rights have been exhausted. So far as we are able to determine this is a first impression case on the question.

The statute authorizing claims such as the one here in controversy is the second paragraph of Sec. 5, Art. 8307, Texas Revised Civil Statutes, 1925, an amendment which became effective September 1, 1957. Historical Note, Sec. 5, Art. 8307.

The first sentence of the 1957 amendment is obviously designed to limit recovery to that which occurred "prior to the date of said award or judgment," thus preventing the board or the courts from adjudicating a future obligation to furnish medical services. The second sentence follows with res judicata provisions designed to prevent future recovery on such claims as could have been made up to the time of the judgment, but provides the judgment

will not be res judicata of the obligation of the carrier to pay for such items after the date of " * * * said award or judgment." The third sentence provides that additional claims for medical services must be made every six months until the association shall have discharged its obligation to furnish all such " * * * medical aid, hospital services, nursing, medicine or prosthetic appliances to which said employee may be entitled". That sentence also provides, inter alia: "After the first such *final award or judgment,* the Board shall have continuing jurisdiction * * *." The term "final award or judgment" in the third sentence furnishes the basis for appellant's contention that the board has no jurisdiction to consider a successive six months' medical claim until all appellate relief is finally concluded. (Emphases herein added)

The unambiguous wording of that part of the last sentence of the amendment with respect to the required six months' limitation between each successive award argues against appellant's contention of board or judicial finality before a successive award may be heard. The instant case is a good example of the helplessness of a claimant should appellant's contention be upheld. The trial court rendered judgment in the principal case in February, 1966. The motion for rehearing was not overruled until more than two years had elapsed. It is difficult to believe the legislature intended by the term "final award or judgment" to impede the collection of successive medical claims in such manner.

The Waco Intermediate Appellate Court in Western Alliance Insurance Co. v. Tubbs, 400 S.W.2d 850 (1965) has held a court has its own separate jurisdiction without board action, thus construing the amendment as indicating no intention to restrict jurisdiction. A similar holding was made by our Supreme Court in Transport Ins. Co. v. Polk, 400 S.W.2d 881 (Tex.1966) wherein the court held the first sentence of the 1957 amendment to Sec. 5, instead of limiting recovery to costs and expenses up to

the date of the award, limits recovery to that which accrued prior to the date of said award "or judgment". The court said: "The statute \* \* \* adds each time the words 'or judgment' ".

Appellant's one point is limited to jurisdiction only. The pleading of appellees invokes the jurisdiction of the District Court of Hansford County. It thus appears that the District Court had jurisdiction one way or the other; if appellate by first presenting their claim to the Board, if original only by the same pleading asking for recovery of nursing expenses during the six months preceding October 19, 1967. If it could be said that this construction would produce a prolixity of suits it must be said that the ·construction urged by appellant would deny the general purpose of the Workmen's Compensation Act itself to furnish speedy relief. Texas Employer's Ins. Association v. Wright, 128 Tex. 242, 97 S.W.2d 171 (Comm.App., Sec. B, 1936, opinion adopted).

The judgment of the trial court overruling the plea of privilege is affirmed.