## TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,

v.

## Helena F. STEADMAN and Kenneth Spriggs Steadman, Appellees.

### No. 7909.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 1, 1968.

 

See also Tex.Civ.App., 431 S.W.2d 556.

Gordon H. Rowe, Jr., Gardere, Porter & DeHay, Dallas, for appellant.

Ross N. Buzzard, Pampa, for appellees.

FANNING, Justice.

Appellant insurance company on May 3, 1967, brought suit in a District Court in Dallas County, Texas, to set aside an award of the Industrial Accident Board of April 18, 1967, awarding Helena F. Steadman $2,750.00 for nursing services rendered by her for her husband. The award covered an eleven-month period from May 17, 1966 through April 17, 1967. The nursing services were allegedly rendered as a result of injuries sustained by Kenneth Spriggs Steadman on April 6, 1964, while working for his employer, Bowman-Chase Company, in Hansford County, Texas.

The Industrial Accident Board had previously rendered an award on Mr. Steadman's original claim for compensation and medical expenses, which award had been duly appealed to the District Court of Hansford County, Texas. After a trial in the District Court of Hansford County, Texas, a judgment was rendered in that court on May 16, 1966, in favor of Kenneth Spriggs Steadman, awarding him total and permanent disability and certain medical expenses. Appellant insurance company appealed said case to the Amarillo Court of Civil Appeals; said appellate court affirmed the judgment of the trial court on April 24, 1967, (415 S.W.2d 211) and denied appellant insurance company's motion for rehearing on May 29, 1967. Application for writ of error, filed with the Supreme Court of Texas, was refused, n. r. e., on October 4, 1967, (Tex.Sup.Ct. Jrnl. Vol. 11, No. 1, p. 2) and on March 13, 1968, appellant insurance company's

motion for re-hearing on the application for writ of error was overruled (Tex.Sup. Ct. Jrnl. Vol. 11, No. 22, p. 2).

In its petition in the instant suit (involving the claim for nursing expenses from May 17, 1966 through April 17, 1967), appellant alleged and contended to the effect that the Industrial Accident Board was without jurisdiction to render such an award because said Board had rendered a prior award in the same cause in which an appeal to the appellate court was still pending on the date of the Board's award and at the time appellant filed the present suit in Dallas County, Texas.

Appellees in addition to filing a plea of privilege also filed a plea to the jurisdiction seeking to have said suit filed by appellant in Dallas County, Texas, concerning the nursing claim, transferred to Hansford County, Texas, the place of injury, under the provisions of Art. 8307a, Vernon's Ann.Civ.St. On January 19, 1968, the trial court after hearing the evidence adduced, overruled appellees' plea of privilege but sustained appellees' plea to the jurisdiction and ordered the cause transferred to Hansford County, Texas.

Appellant presents two points of error wherein it contends to the effect that the trial court erred in transferring the cause to Hansford County, Texas, because the trial court lacked jurisdiction to take any action other than to dismiss the cause for want of jurisdiction because of the pendency of an appeal in the Amarillo Court of Civil Appeals of another appeal from a prior award of the Industrial Accident Board involving the same injury.

Appellees present one counterpoint wherein they contend that the trial court correctly transferred the case to the county of injury under Art. 8307a, V.A.C.S.

Art. 8307a provides as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of the Industrial Accident Board shall, in the manner and within the time provided by Section 5 of Article 8307, Revised Civil Statutes of 1925, file notice with said Board, and bring suit in the county where the injury occurred to set aside said final ruling and decision; however, in the event such suit is brought in any county other than the county where in the injury occurred, the Court in which same is filed shall upon ascertaining that it does not have jurisdiction to render judgment upon the merits, transfer the case to the proper Court in the county where the injury occurred. Provided, however, that notice of said transfer shall be given to the parties and said suit when filed in the court to which the transfer is made, shall be considered for all purposes, the same as if originally filed in said court. Acts 1931, 42nd Leg., p. 351, ch. 208, § 1."

Prior to the enactment of Art. 8307a, if a suit to set aside an award of the Industrial Accident Board was filed in the wrong county the suit would have been dismissed rather than transferred. In this connection see Goff v. State Board of Insurance, Tex.Civ.App., 319 S.W.2d 383, no writ, and authorities cited therein, wherein it was stated in part as follows:

"In 1931 the Legislature passed a law expressly providing that if a suit to set aside an award of the Industrial Accident Board should be filed in a county other than the county where the injury occurred, it is the duty of the trial court, upon its motion, or upon motions of the other party, to transfer the suit to the proper county. But it required a statutory enactment to bestow jurisdiction even to transfer such a suit. Art. 8307a, V. A.C.S.; Federal Underwriters Exchange v. Pugh, 141 Tex. 539, 174 S.W.2d 598; Traders & General Ins. Co. v. Curby, Tex.Civ.App., 103 S.W.2d 398."

In Boyce v. Texas Indemnity Company, Tex.Civ.App., 193 S.W.2d 551, wr.dism., an appeal from an award of the Industrial Accident Board was appealed to the wrong county by the insurance carrier, and the

carrier resisted the motion to transfer, contending that there was not sufficient evidence of any injury. We quote from the court's opinion in part as follows:

"Here the appellee, while not admitting that appellant suffered an injury while in the course of his employment in Liberty County, contends that the evidence is insufficient to show that he suffered an injury in Harris County, and therefore the court after finding as a fact that the claimant had not suffered an injury in Harris County while in the course of his employment for the Haliburton Oil Well Cementing Company was justified in refusing to transfer this cause to Harris County.

"* * * With this contention we are unable to agree. We are not here concerned with the merits of claimant's claim for compensation, but only to determine the proper court to pass upon the merits of his claim. Here the plaintiff by his cross action seeks compensation against appellee for an injury he alleges to have occurred in Harris County. He testifies that the only injury received by him, and the one that produced his incapacity, was suffered by him in the course of his employment with his employer in Harris County. He makes no claim for compensation on account of any injury suffered by him in Liberty County and it necessarily follows that under Article 8307a, and the authorities above cited, that the proper court to pass upon the merits of his claim would be the district court of Harris County. The cross action of appellant confined the trial court to passing upon his rights arising from an alleged injury in Harris County, and none other, and the plain provision of Article 8307a, we feel, makes it mandatory that this cause be transferred to Harris County for trial."

■ Art. 8307, Sec. 5, V.A.C.S., the "open medical" amendment of 1957, provides in part as follows:

"* * * provided, each such successive award of the Board shall be subject to a suit to set aside said award by a court of competent jurisdiction, in the same manner as provided in the case of other awards under this law."

Unquestionably under the above statutory provision, Hansford County, Texas, where Steadman's injury occurred, is the proper county for the trial of his wife's claim for nursing services.

■ However, appellant insurance company contends to the effect that the continuing jurisdiction of the Industrial Accident Board to make successive medical awards does not commence until the first decision is no longer appealable. Appellant relies upon a portion of Art. 8307, § 5, which reads as follows:

"The first such final award or judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items, but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said award or judgment."

In construing Art. 8307, § 5, it should also be kept in mind that an additional claim for medical expenses must be made every six months, as shown by the following portion of said statute:

"* * * After the first such final award or judgment, the Board shall have continuing jurisdiction in the same case to render successive awards to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which said employee may be entitled;"

The meaning of the phrase "final award or judgment" as used in said statute is the subject of contention between the parties. Does the phrase mean "final" in the sense of being appealable and not interlocutory as contended by appellees or does it mean that it is final in the sense that all appellate review is barred or exhausted as contended by appellant?

■ The general rule is that the Workmen's Compensation Act should be liberally construed so as to effectuate the beneficent purposes for which it was enacted. Texas Employers Ins. Assn. v. Andrews, 130 Tex. 502, 110 S.W.2d 49; Travelers Ins. Co. v. Adams, Tex.Civ.App., 407 S.W. 2d 282, wr.ref., n. r. e.

■ Considering the six months time limitation in the statute above referred to, we do not think the Legislature intended that there be no jurisdiction anywhere until all appellate remedies had been completely and finally exhausted. We think the liberal and common-sense construction is that the phrase "final award or judgment" should be construed to the effect that such award or judgment is appealable and is not interlocutory, and we do not think it should be given a construction that "final" means that it is so final that all appellate remedies are completely barred and exhausted.

Recent cases construing Art. 8307, Sec. 5, we think demonstrate that such act has no intent to restrict jurisdiction. In Western Alliance Insurance Company v. Tubbs, Tex.Civ.App., 400 S.W.2d 850, wr.ref., n. r. e., it was stated in part as follows:

"The third sentence fixes a six-month limitation period for expenses which may be claimed prior to each successive award by the Board, which is given 'continuing jurisdiction' in the same case. This sentence does not restrict the jurisdiction of the courts further than it limits that of the Board. It is true that each of such successive Board awards is made subject to suit to set them aside by a court of competent jurisdiction. This,

however, is nothing new; it was true of such awards before the amendment, under Article 8307a.

"A statute which deprives a court of existing jurisdiction is strictly construed, and 'when jurisdiction is once granted it will not be deemed taken away by a similar jurisdiction being given to another tribunal.' 3 Sutherland, Statutory Construction (3rd ed.) Sec. 6803, p. 328. In our opinion it was not necessary that the claim be first submitted to the Board, and the district court had jurisdiction of expenses incurred subsequent to the Board's award."

In Transport Insurance Company v. Polk, Tex.Sup.Ct., 400 S.W.2d 881, involving a second claim for medical care, it was stated in part as follows:

"The first sentence of the section, instead of limiting recovery to cost and expenses up to the date of the award, limits the recovery to that which accrued 'prior to the date of said award or judgment.' The next sentence makes the first award 'or judgment' res judicata of liability for such cost or expense 'up to the date of said award or judgment * * *.' The statute does not, as argued, limit the Court's adjudication of nursing bills to the date of the Board action, but adds each time the words 'or judgment'. The Polks could recover for the nursing services furnished up to the date of judgment. Texas Casualty Insurance Co. v. Beasley, 391 S.W.2d 33 (Tex. Sup.1965)."

■ The recent case of Texas Employers' Insurance Association v. Kenneth Spriggs Steadman and Helena Steadman, rendered June 24, 1968, by the Amarillo Court of Civil Appeals, 431 S.W.2d 556, a venue case, involves a six months nursing claim from April 18, 1967, to October 18, 1967, involving the same parties to this lawsuit. The opinion of the Amarillo Court, holding venue to be in Hansford County, Texas, is in accord with our construction of § 5 of Art. 8307. The above

case gives a history of the litigation between appellant insurance company and the Steadmans and contains an excellent discussion of the law questions there involved.

Under the record in this case, we hold that the trial court correctly ordered the cause transferred to Hansford County, Texas. Appellant's points are overruled.

The judgment of the trial court is affirmed.