**Jack C. RYAN, Appellant,**

v.

**TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 01–86–0200–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 7, 1986.
Rehearing Denied Sept. 25, 1986.

---

Gordon E. Davenport, Roy E. Brown, Brown, Todd, Hagood & Davenport, Alvin, for appellant.

Ervin A. Apffel, Otto D. Hewitt, III, McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

Before LEVY, DUGGAN and HOYT, JJ.

## OPINION

LEVY, Justice.

This is an appeal from an order granting appellee's motion for summary judgment and overruling a "successive" award for medical benefits granted appellant by the Industrial Accident Board under the Worker's Compensation Act. We reverse.

In 1977, the appellant, Jack Ryan, received an award from the Industrial Accident Board ("IAB") covering permanent disability caused by an on-the-job injury. This award was set aside by a trial court judgment, not the subject of this appeal, which awarded Ryan $24,925.21 for accrued and unaccrued compensation benefits, and an additional sum of $11,203.44 for past medical expenses. Subsequently, in January, 1983, Ryan incurred additional medical expenses related to his on-the-job injury and filed a claim with the IAB to recover these expenses.

Though the IAB and the appellee, Travelers Insurance Company ("Travelers"), received notice of Ryan's claims in February, June, August, and November of 1983, the IAB did not set a pre-hearing conference until December 23. The conference was then reset to January 12, 1984, because the IAB offices would not be open on December 23. A formal hearing did not occur until April 6, 1984. On April 23, the Board made a final award to Ryan, requiring Travelers to pay certain medical expenses incurred by Ryan during January, 1983.

Travelers appealed the award by filing an action to set it aside in the trial court. Thereafter, Travelers filed a motion for summary judgment alleging that the IAB did not have jurisdiction to enter the April, 1984 award because the award was entered after the Board's jurisdiction had expired. Since the award is considered "successive" in nature, the question is controlled by Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 5 (Vernon Supp.1986)[1] which provides, in pertinent part, as follows:

> After the first such final award or judgment, the Board shall have continuing jurisdiction in the same case to render successive awards to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which said employee may be entitled; provided, each such successive award of the Board shall be subject to a suit to set

aside said award by a court of competent jurisdiction, in the same manner as provided in the case of other awards under this law. (Emphasis added.)

In its motion for summary judgment, Travelers argued that the IAB erred in allowing appellant to recover medical expenses incurred in January, 1983, more than six months prior to the award, because sec. 5 expressly limits post-judgment awards to those expenses incurred within six months of the date of the successive award. The trial court granted the summary judgment and discharged Travelers from liability for all medical expenses except those incurred after October 24, 1983, a date six months prior to the date of the IAB successive award on April 24, 1984.

On appeal, Ryan contends that the trial court erred in granting the summary judgment because it incorrectly construed and applied art. 8307, sec. 5. Ryan argues that the trial court's interpretation of the statute would defeat the legislative purpose in enacting the statute because of the lengthy manner in which claims are processed by the IAB. Ryan points out that once a claimant submits a post-judgment claim to the Board, and requests a hearing, he has no control over when a hearing is set or when the final determination is made. Thus, the claimant's right to future medical expenses can expire through no fault of his own. Ryan argues that the trial court's interpretation does not comply with the general rule that the Worker's Compensation Act should be "liberally construed so as to effectuate the remedies which it grants." *See Ward v. Charter Oak Fire Insurance Co.*, 579 S.W.2d 909, 910 (Tex. 1979); *Texas Employer's Insurance Ass'n. v. Steadman*, 433 S.W.2d 756, 760 (Tex.Civ. App.—Texarkana 1968, no writ); *Texas Employee's Insurance Assn. v. Andrews*, 130 Tex. 502, 110 S.W.2d 49 (1937).

■ The narrow issue before this Court is whether, as a matter of law, a claimant who timely submits a claim to the IAB, and gives timely notice to the carrier, is precluded from recovering on those claims under sec. 5, if the IAB does not make an award or otherwise dispose of those claims within six months after the costs are incurred. We hold that the claimant is not so precluded.

**1.** All statutory references are to Tex.Rev.Civ. Stat.Ann. art. 8307 (Vernon Sup.1986) unless otherwise noted.

As this issue is seemingly one of first impression, we first turn for guidance to the legislative purpose in enacting the Worker's Compensation Act. When the Worker's Compensation Act, Tex.Rev.Civ. Stat.Ann. art. 8306 et seq., was amended in 1969, the legislature identified the purpose of the act as to:

> ... provide prompt and fair workmen's compensation payments for injured workers, to minimize the expense and delay of court action and the resulting drain on the resources of the claimant; to provide for equitable administration of the law with the goal of channeling the largest possible amount of the premium dollar into the pocket of the injured worker.

See section 1 of Acts 1969, 61st Leg., p. 48, ch. 18.

The courts have frequently interpreted the primary purposes of the Worker's Compensation Act so as to benefit and protect injured employees, and to expedite settlement of meritorious claims. *See Stott v. Texas Employers Insurance Assoc.*, 645 S.W.2d 778 (Tex.1983); *Industrial Accident Board v. Parker*, 348 S.W.2d 188 (Tex.Civ.App.—Texarkana 1961, writ ref'd n.r.e.). Generally, the Worker's Compensation Act should be liberally construed so as to effectuate the beneficient purposes for which it was enacted. *See Travelers Insurance Co. v. Adams*, 407 S.W.2d 282, 287 (Tex.Civ.App.—Texarkana 1966, writ ref'd n.r.e.).

It is an elementary rule of construction that all of the provisions of a statute must be construed together and in such manner that, if possible, the provisions will operate in harmony. *See, e.g., Travelers Insurance Co.*, 407 S.W.2d at 287; *Industrial Accident Board v. Parker*, 348 S.W.2d at 191. One provision will not be given a meaning out of harmony or inconsistent with other provisions, although it might be susceptible of such construction if standing alone. *See, generally, Black v. American Bankers Insurance Co.*, 478 S.W.2d 434, 437 (Tex.1972); *cf. Walden v. Royal Globe Insurance Co.*, 577 S.W.2d 296, 300 (Tex. Civ.App.—Beaumont 1979, writ ref'd n.r. e.).

■ The Worker's Compensation Act has greatly modified the rights of workers and employers under the English common law, so that the rights and obligations of the parties in a suit brought under this statute are entirely controlled by the statute, except for those matters of form and procedure that are not prescribed. *See Truck Insurance Exchange v. Seelbach*, 161 Tex. 250, 339 S.W.2d 521 (Tex.1960).

Although section 5 does not provide the procedure for obtaining a final award within six months from the date postjudgment costs and expenses are incurred, section 4a does outline the general method of filing a notice of injury or a claim for compensation.

■ At the time Ryan filed his claim, sec. 4a required that a claim for compensation with respect to an injury under this statute must be made within six months after the occurrence of the injury.[2] Although there are no requirements as to formality in the filing of such claims, a claim must sufficiently identify the injury or condition, and serve as an adequate basis for proper investigation of the claim. *See, e.g., Twin City Fire Insurance Co. v. Gibson*, 488 S.W.2d 565, 570 (Tex.Civ.App. —Amarillo 1972, writ ref'd n.r.e.); *see Harleysville Mutual Insurance Co. v. Frierson*, 455 S.W.2d 370 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

A claim has been held sufficient if it gives the name of the injured employee, date and description of accident, description of treatment given, itemized statements of unpaid hospital and doctor bills, the names and addresses of the employer and the carrier, and some indication that the carrier refuses to pay the claim. *See, e.g., Har-*

---

**2.** Effective August, 1983, sec. 4a now provides as follows:

Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within one (1) year after the occurrence of the injury or of the first distinct manifestation of an occupational disease; or, in case of death of the employee or in the event of his physical or mental incapacity, within one (1) year after death or the removal of such physical or mental incapacity. For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board.

*leysville,* 455 S.W.2d at 370. Under art. 8309a, after an injured employee has filed a claim for compensation and given notice as required by law, the IAB should hear his claim for compensation "within a reasonable time." *See* Tex.Rev.Civ.Stat.Ann. art. 8309a (Vernon Supp.1986).

■ Thus, the Act, as we read it, requires only that the IAB hold a hearing within a reasonable time after it has received notice of the claim. If, as suggested by Travelers, we strictly construe sec. 5 to require the IAB to make a final determination on a claim for a successive award every six months, a claimant will bear the heavy burden of requiring the IAB to hold a hearing and make a ruling within a six-month period merely in order to preserve his claim. Moreover, the IAB, responsible for hearing all claims filed, would be greatly overburdened under such an interpretation to schedule such hearings and rulings, or become entangled in countless mandamus actions if it fails to do so.

We conclude that the better construction of sec. 5 is that used by the Court in *Texas Employers Insurance Assoc. v. Steadman,* 431 S.W.2d 556 (Tex.Civ.App.— Amarillo 1968, writ ref'd n.r.e.). Though the central issue in *Steadman* was whether venue was proper, the Court also interpreted the meaning of the 1957 amendment to the second paragraph of sec. 5, including the portion addressing successive awards:

> The third sentence provides that *additional claims for medical services must be made every six months* until the association shall have discharged its obligation to furnish all such " * * * medical aid, hospital services, nursing, medicine or prosthetic appliances to which said employee may be entitled." That sentence also provides, inter alia: "After the first such final award or judgment, the Board shall have continuing jurisdiction * * *." (Emphasis added.)

*Steadman,* 431 S.W.2d at 557. The relevant portions of that sentence were not changed in subsequent amendments to the statute.

In another case involving the same surname, but a different court, the Court also construed the sentence beginning " ... After the first such final award or judgment, ..." as requiring that an additional *claim* for medical expenses must be made every six months. *See Texas Employees Insurance Assn. v. Steadman,* 433 S.W.2d 756, 759 (Tex.Civ.App.—Texarkana 1968, writ ref'd n.r.e.).

We find that the *Steadman* Court's interpretation of the third sentence in the second paragraph of sec. 5, requiring a *claim* to be made every six months, as opposed to requiring the IAB to make an actual award, is the more appropriate and logical construction, consistent with the purposes and other provisions of the Act. Under this construction, a claimant is not responsible for the IAB's delay or crowded docket, but rather will assume only the burden of filing timely claims for medical benefits, a procedure that he can control, so as to give the insurer adequate time for investigation and to prevent the claim from getting stale.

■ In the present case, we hold, accordingly, that the appellant timely filed claims for compensation within the six month period after the bills were incurred, as required by section 5.

■ Ryan incurred most of his post-judgment medical expenses during January, 1983. The record reveals that on February 11 the IAB received a copy of the letter sent to the appellee requesting payment of those bills. The letter identified the name of Ryan's employer, the date of the accident, the claim number, and results from the previous judgment. Copies of the medical bills were also enclosed in the letter. We find that this letter constituted a sufficiently informative and timely claim for compensation under the statute.

On June 30, the IAB received a request from Ryan, accompanied by copies of the unpaid bills, for a prehearing conference on his claim. Upon receiving no response from the IAB, Ryan made additional requests for a prehearing conference on August 25 and November 19. The August 25th request also contained copies of the unpaid medical bills.

The record does not indicate that either Travelers or the IAB responded to any of the appellant's claims for medical expenses during this time period, but it clearly reveals Ryan's persistent efforts to present his claim before the IAB.

Considering the remedial purposes behind this Act, and in view of the repeated and timely efforts by appellant to preserve his claim, we hold that the appellant performed all the appropriate and reasonable steps necessary to timely present his claim

for post-judgment medical expenses in compliance with section 5.

Accordingly, we find that the trial court erred in granting appellee's motion for summary judgment. The judgment of the trial court is reversed and the cause remanded for a trial on the merits.

## DISSENTING OPINION ON OVERRULING OF MOTION FOR REHEARING

HOYT, Justice.

I respectfully dissent from the majority's overruling of Travelers' motion for rehearing. I would grant the rehearing and affirm the take-nothing judgment of the trial court.

Counsel for both Ryan and Travelers agree that the language of Article 8307, sec. 5 is clear and unambiguous. With this admission, the trial court and this court were duty bound to give art. 8307, sec. 5 its "plain, common everyday" meaning. The plain language of art. 8307, sec. 5 authorizes successive awards of costs and expenses actually furnished to and received by the claimant *not more than 6 months prior to the date of each successive award.*

The facts indicate that Ryan waited more than four months from the date that the costs and expenses were incurred to request a pre-hearing conference. Approximately five additional months passed before a final request for a hearing was made. No objection was made to a four month delay following the cancellation of the first hearing. These facts do not indicate that a situation existed upon which a tolling of the limitations period could be based.

I read this statute just as I read Tex.Alco. Bev.Code Ann. sec. 11.67 (Vernon Supp. 1986). There the Legislature requires that a claimant who seeks review of a permit cancellation, suspension, or denial, to acquire a trial on the matter within 10 days; otherwise the action of the agency on the license or permit is final. *McBeth v. Riverside Inn Corporation,* 593 S.W.2d 734 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ

ref'd n.r.e.). Strictly construed, art. 8307, sec. 5 could have but one meaning.

Strict construction of a statute that is plain and unambiguous is the rule, not the exception. *See Pearce v. Texas Employers Insurance Association,* 403 S.W.2d 493, 498 (Tex.Civ.App.—Dallas 1966), *writ ref'd n.r.e.,* 412 S.W.2d 647 (Tex.1967) (op. on reh'g); *Compare, Rigo Manufacturing Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970) (use of diligence to procure issuance of service required to avoid limitations) and *Johnson v. McLean,* 630 S.W.2d 790 (Tex.App.— Houston [1st Dist.] 1982, no writ).

The obligation to secure an award from the Board clearly was that of Ryan. Failing to do so, he should not be allowed to elasticize the statute for his convenience.

I would affirm the judgment of the trial court.