**Robert Lee DANIELS, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellee.**

No. 18299.

Court of Civil Appeals of Texas, Fort Worth.

Sept. 25, 1980.

Rehearing Denied Oct. 23, 1980.

George Busch, Fort Worth, for appellant.

McBryde, Bogle & Green, and Bill F. Bogle, Fort Worth, for appellee.

OPINION

HUGHES, Justice.

Robert Lee Daniels has appealed from a summary judgment rendered in favor of The Travelers Insurance Company, the worker's compensation insurance carrier for Daniels' employer.

We reverse the summary judgment and dismiss the case for want of jurisdiction.

The record reflects that Daniels filed a claim for compensation with the Industrial Accident Board on August 29, 1978 alleging that he suffered compensable injury on July 31, 1978. Daniels' Statement of Position included a request that the carrier be required to pay all reasonable and necessary medical expenses. With no medical bills

having been submitted, the Board, on December 22, 1978, entered a final compensation award for Daniels which made no mention of medical expenses. A December 27, 1978 *nunc pro tunc* order also did not address medical expenses. Daniels took no appeal from this "final award" and it therefore became final under Tex. Rev. Civ. Stat. Ann. art. 8307 § 5 (Supp.1980) 20 days after its entry.

Later, Daniels received billing for medical expenses incurred prior to the date of the final award. The bill was forwarded to the carrier who refused payment. Daniels filed a claim with the Board for payment of the medical bill and on April 19, 1979, the Board denied the claim because the bill was "incurred prior to date of final award and is not timely filed." Daniels appealed this ruling of the Board by giving notice of appeal and filing suit in the County Court at Law. The court granted Travelers' motion for summary judgment. The court specified no grounds for its decision.

■ Daniels' First Amended Original Petition, filed with the trial court, purports to be an appeal of an "award" by the Board on April 19, 1979. Under the facts presented here, it is apparent that the April 19, 1979 Board action was actually a dismissal, on jurisdictional grounds, of a claim for payment of a bill which was not timely filed. While the Board is not a court, nevertheless its functions are quasi–judicial, and its orders are given the force, after a time, of finality, and they cannot be collaterally attacked. *General Accident Fire & Life Assurance Corporation v. Hames*, 416 S.W.2d 894 (Tex.Civ.App.–Dallas 1967, no writ).

■ The Board had no jurisdiction to enter the April 19, 1979 order other than to dismiss, as it did. (Proper compliance with the review procedures of the Texas Workers Compensation Statutes is jurisdictional. *Galacia v. Texas Employers' Insurance Association*, 348 S.W.2d 417 (Tex.Civ.App.–Waco 1961, writ ref'd n.r.e.).) The Board having had no jurisdiction, "*a fortiori* the court, to which the appeal was taken, was without jurisdiction." *Holt v. Employers Reinsurance Corporation*, 393 S.W.2d 329

(Tex.Civ.App.–Houston 1965; aff'd Tex., 410 S.W.2d 633). Inasmuch as the trial court did not have jurisdiction, it follows that this court has no jurisdiction. *General American Casualty Company v. Rosas*, 275 S.W.2d 570 (Tex.Civ.App.–Eastland 1955, writ ref'd n.r.e.).

The summary judgment rendered by the trial court is reversed and this action is in all respects dismissed.