Wood F. JONES, Appellant,

v.

ILLINOIS EMPLOYERS INSURANCE OF WAUSAU, Appellee.

No. 06–03–00013–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 3, 2004.

Decided May 27, 2004.

Rehearing Overruled June 29, 2004.

---

Joe A. Izen Jr., Izen & Associates, PC, Bellaire, for appellant.

Michael Phillips and Evelyn Ailts Derrington, Phillips & Akers, Houston, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

This case involves the award of medical expenses to Wood F. Jones by the Texas Workers' Compensation Commission (the Commission). The Commission ordered Illinois Employers Insurance of Wausau to pay Jones' various medical expenses incurred since 1997. Wausau appealed the order to the Colorado County District Court, contending Jones' bacterial heart condition was not caused by a cut finger he incurred on the job in 1978 and was, therefore, not compensable. The trial court agreed and granted Wausau's motion for summary judgment. Jones appeals the granting of Wausau's motion and also contends the trial court erred: (1) by sustaining Wausau's objection to his summary judgment evidence; (2) by denying his motion for new trial and denying a hearing on that motion; and (3) by not granting his cross-motion for summary judgment.

*Background*

On March 20, 1978, Jones suffered a cut to his finger while in the course of his employment with Jones Engineering and Farming, Inc. Several days later, Jones became ill with chills, fever, joint pain, diarrhea, and severe headache. He was hospitalized and diagnosed with an infection of "staphylococcal aureus." He was administered antibiotics and recovered. In June 1978, Jones went to the emergency room at a hospital in Wharton with a cough and severe chest pain. He was transferred to Houston with symptoms of congestive heart failure and possible acute pneumonia in both lungs. Under the care of cardiologist Frank Rickman, M.D., Jones underwent surgery for the replacement of an aortic heart valve. It was determined Jones suffered from bacterial endocarditis.[1]

Jones sought worker's compensation benefits for his illness. On March 8, 1979, the Texas Industrial Accident Board (the Board) (predecessor to the Commission) found that Jones sustained a compensable injury in the course of his employment with Jones Engineering and Farming, Inc. The Board ordered Wausau to pay Jones $91.00 per week for 14-5/7 consecutive weeks for his disability and to pay Jones' medical expenses, including expenses re-

---

1. Endocarditis is the inflammation of the lining of the heart and its valves. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 381 (10th ed.1993).

lated to Rickman's care. The Board left open future medical expenses for Jones' lifetime.[2] Wausau did not appeal the Board's order.

Jones later submitted additional medical expenses to the Commission related to his heart problem. On June 18, 1993, the Commission ordered Wausau to pay for medical expenses Jones had incurred since the Board awards in 1979. Wausau appealed the orders of the Commission to the 270th Judicial District Court of Harris County. Jones moved for summary judgment, contending the 1979 Board awards were res judicata on the issue of whether his heart-related problem was caused by his cut finger. In response, Wausau contended a fact question remained on the reasonable necessity of Jones' medical expenses for his heart-related problem, because the expenses were not naturally related to his cut finger. The trial court granted Jones' motion for summary judgment and denied Wausau relief on its "collateral attack on the Industrial Accident Board's prior awards" because such awards "are final awards which have preclusive effect and can not be collaterally attacked by Wausau."

Wausau prematurely appealed to the First District Court of Appeals. The 270th Judicial District Court, however, found there were two tangential issues to be resolved and, accordingly, realigned the parties and conducted a bench trial on Jones' claims for reimbursement and attorney's fees. On August 2, 1996, the trial court rendered a final judgment in favor of Jones and ordered Wausau to pay $1,203.73 for medical expenses Jones had incurred since 1979, interest on that judgment, and attorney's fees. On September 4, 1996, the trial court made detailed findings of fact and found that Wausau had unsuccessfully argued before the Board in 1979 that Jones' heart infection was not caused by the infection from his cut finger. The court concluded that "[t]he three prior awards of the Industrial Accident Board issued in 1978 and 1979 are res judicata and operate as a bar to Defendant Wausau's efforts to relitigate its own liability for payment of medical expenses for treatment of the heart condition . . . ."

Wausau's appeal to the First District Court of Appeals then moved forward. The parties, however, reached a settlement agreement, and the First District Court of Appeals dismissed the appeal.

Since 1997, the Commission has entered seven orders for Wausau to pay Jones' medical expenses. Wausau appealed each of these Commission orders in various courts.[3] All seven of these appeals were

---

2. The Board issued two additional orders in 1979. On July 18, 1979, the Board denied any medical expenses incurred before the date of the final award on March 8, 1979. On July 24, 1979, the Board issued a nunc pro tunc order deleting the phrase "derivative to that of the employee" from the July 18, 1979, award.

3. The Commission awards for Jones' medical expenses and their subsequent appeals are as follows:

(1) Commission award of July 27, 1997; appealed in *Illinois Employers Ins. of Wausau v. Wood Jones*, Cause No. 19,024 in the 25th Judicial District Court, Colorado County, Texas;

(2) Commission award of May 4, 1998; appealed in *Illinois Employers Ins. of Wausau v. Wood Jones*, Cause No. 98–23604 in the 189th Judicial District Court, Harris County, Texas;

(3) Commission award of May 14, 1998; appealed in *Illinois Employers Ins. of Wausau v. Wood Jones*, Cause No. 98–26096 in the 152nd Judicial District Court, Harris County, Texas;

(4) Commission award of March 19, 1999; appealed in *Illinois Employers Ins. of Wausau v. Wood Jones*, Cause No. 19,440 in the 25th Judicial District Court, Colorado County, Texas;

(5) Commission award of January 4, 2000; appealed in *Illinois Employers Ins. of Wausau*

eventually consolidated into this case and constitute the subject of the summary judgment proceedings below, and now, this appeal.

*Summary Judgment Proceedings*

On May 28, 2002, Wausau moved for summary judgment on the ground the expert report it provided established that Jones' claims for heart-related medical expenses were not medically necessary to cure or relieve him from the effects of the finger injury he sustained in 1978. Alternatively, Wausau moved for partial summary judgment on Jones' affirmative defenses pled in his answer of res judicata and collateral estoppel. Wausau contended the res judicata and collateral estoppel defenses were barred by the workers' compensation law, specifically TEX.REV.CIV. STAT. ANN. art. 8307, § 5 (Vernon 1967), *repealed by,* Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, 1990 Tex. Gen. Laws 1. The hearing for Wausau's motion for summary judgment was set for July 19, 2002.

Jones mailed a response to Wausau's motion for summary judgment, including a cross-motion for summary judgment, July 12, 2002. The clerk's file stamp indicated receipt July 15, 2002. Jones based both his response to Wausau's motion for summary judgment and his own cross-motion for summary judgment on the contention Wausau was barred by res judicata and collateral estoppel from contesting whether his heart ailment was compensable. On the same date, Jones also filed a counterclaim against Wausau for breach of the covenant and duty of good faith and fair dealing. The day before the hearing, Wausau filed a reply to Jones' response, contending Jones' cross-motion for summary judgment and supporting proof were untimely. Wausau also contended Exhibit D of Jones' summary judgment proof, consisting of letters from Jones' treating physicians, was hearsay and should not be considered.

The hearing took place July 19, 2002, as scheduled, and the trial court heard arguments from both sides and took the matter under advisement. On August 1, 2002, while the matter was still under advisement in the trial court, Jones filed a motion for continuance for additional time to cure the alleged defects in his summary judgment proof. The trial court never ruled on this motion. On September 6, 2002, the trial court granted Wausau's motion for summary judgment and reversed the Commission awards. Jones moved for a rehearing. On November 15, 2002, the trial court denied Jones' motion for rehearing and sustained Wausau's objections to Jones' cross-motion for summary judgment and summary judgment proof.

*Summary Judgment Response and Cross–Motion for Summary Judgment*

Before reaching the merits of Jones' appeal, we must determine whether his response and cross-motion for summary judgment were properly before the trial court and, therefore, properly before this Court.

■ The certificate of service reflects that Jones' response to Wausau's motion for summary judgment, which embodied

---

v. *Wood Jones,* Cause No. 19,024 in the 25th Judicial District Court, Colorado County, Texas;

(6) Commission award of November 6, 2000; appealed in *Illinois Employers Ins. of Wausau v. Wood Jones,* Cause No. 19,937 in the 25th Judicial District Court, Colorado County, Texas;

(7) Commission award of November 13, 2001; appealed in *Illinois Employers Ins. of Wausau v. Wood Jones,* Cause No. 20,226 in the 25th Judicial District Court, Colorado County, Texas.

his cross-motion for summary judgment, was mailed July 12, 2002. The clerk's file stamp reflects receipt July 15, 2002. The Rules of Civil Procedure provide: "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." Tex.R. Civ. P. 166a(c). In *Clendennen v. Williams*, 896 S.W.2d 257, 259 (Tex.App.-Texarkana 1995, no writ), this Court held that Tex.R. Civ. P. 5 ("mailbox rule") applies to filing a response to a summary judgment motion. Rule 5 provides, in pertinent part:

> If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.

Pursuant to Tex.R. Civ. P. 166a, Jones timely filed his response to Wausau's motion for summary judgment set for hearing July 19, 2002, within seven days of the hearing, by mailing his response to the motion July 12, 2002. *See Clendennen,* 896 S.W.2d at 259; *Geiselman v. Cramer Fin. Group, Inc.,* 965 S.W.2d 532, 535 (Tex.App.-Houston [14th Dist.] 1997, no pet.). Jones' response to Wausau's motion for summary judgment was properly before the trial court.

 The motion was not, however, timely as a cross-motion for summary judgment. In the Rules of Civil Procedure, a motion for summary judgment is governed by a different time table from a response. Rule 166a provides, "Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hear-

ing." Tex.R. Civ. P. 166a. The twenty-one-day notice requirement is strictly enforced by the courts. *Lewis v. Blake,* 876 S.W.2d 314, 316 (Tex.1994). The hearing on Wausau's motion for summary judgment was set for July 19, 2002, and Jones' cross-motion was untimely submitted July 12, 2002, seven days before the hearing. Wausau objected to the timeliness of the cross-motion both by written response and orally at the summary judgment hearing. Leave of court to file the motion late was not obtained, and the trial court specifically sustained Wausau's objection to the cross-motion for summary judgment. We will therefore consider Jones' July 12, 2002, motion as a response to the motion for summary judgment and nothing more.

*Standard of Review*

 The summary judgment movant has the burden of establishing by competent summary judgment proof that, as a matter of law, there is no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action. *Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). When a plaintiff moves for summary judgment, the plaintiff must show entitlement to prevail on each element of the cause of action. *Al's Formal Wear v. Sun,* 869 S.W.2d 442, 444 (Tex.App.-Houston [1st Dist.] 1993, writ denied). The plaintiff must produce evidence sufficient to support an instructed verdict at trial. *Id.* The standards in reviewing summary judgment evidence are: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its

favor. *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994). If the party opposing a summary judgment relies on an affirmative defense, such party must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984).

*Summary Judgment*

Wausau contends that Exhibit V of its motion for summary judgment, the affidavit of William Owen, M.D., is uncontroverted and establishes that Jones' heart-related medical expenses incurred since 1997 are not reasonably necessary to treat the compensable finger injury he sustained in 1978. Owen states Jones' compensable finger injury, resulting in an infection of "staphylococcal aureus" did not cause his subsequent bacterial endocarditis, which showed an infection of "staphylococcal epidermis." He states that, in all reasonable medical probability, the infection that caused the bacterial endocarditis was not caused by the cut finger. He concludes that Jones developed bacterial endocarditis from his episode of pneumonia or that the endocarditis arose from some common environmental source unrelated to his finger injury March 20, 1978. Wausau's motion for summary judgment did not contend the medical expenses awarded to Jones since 1997 were unreasonable, unnecessary, or unrelated to his heart ailment.

Jones contends, first and foremost, that the issue of whether his heart ailment was compensable and caused by his work-related finger injury has already been litigated and decided by the Board and the 270th Judicial District Court. In the alternative, Jones contends the trial court erred in sustaining Wausau's objection to Exhibit D of his response to Wausau's motion for summary judgment, which he contends raised a fact issue on causation. Exhibit D of his response includes letters from several of Jones' treating physicians, who conclude that the most likely source of the infection to Jones' heart was the cut to his finger. He also contends the trial court erred in granting Wausau's motion for summary judgment without allowing him the opportunity to amend the affidavits to correct any defects.

*Res Judicata and Collateral Estoppel*

Because Jones seeks benefits for an injury that occurred in 1978, this case is governed by the Workers' Compensation Act in effect at the time of his injury. *See Hartford Underwriters Ins. Co. v. Burdine,* 34 S.W.3d 700, 702 (Tex.App.-Fort Worth 2000, no pet.); *see also* TEX.REV.CIV. STAT. ANN. arts. 8306, 8307, 8309 (Vernon 1967), *repealed by* Act of Dec. 12, 1989, 71st Leg., 2nd C.S., ch. 1, 1989 Tex. Gen. Laws 1 (effective Jan. 1, 1991) (current version at TEX. LAB.CODE ANN. § 401.001, et seq. (Vernon 1996 & Supp.2004)). Under the former workers' compensation law, for an injury to be compensable, it must be proven that there exists a causal relationship or connection between the job-related injury and the ultimate disability. *Garcia v. Tex. Indem. Ins. Co.,* 146 Tex. 413, 209 S.W.2d 333, 336 (1948); *Ill. Employers Ins. of Wausau v. Wilson,* 620 S.W.2d 169, 171–72 (Tex.Civ.App.-Tyler 1981, writ ref'd n.r.e.). As this Court stated, when it "reasonably appears from all facts and circumstances that there is a causal connection between the conditions under which work is required to be done and the resulting injury, such injury arises out of the employment." *Lesco Transp. Co. v. Campbell,* 500 S.W.2d 238, 241 (Tex.Civ.App.-Texarkana 1973, no writ).

When a claimant suffers a compensable injury, the Act provides that all medical services reasonably required to cure and relieve the claimant from the natural ef-

fects resulting from an injury will be provided. Tex.Rev.Civ. Stat. Ann. art. 8306, § 7; *see generally Peeples v. Home Indem. Co.*, 617 S.W.2d 274 (Tex.Civ.App.-San Antonio 1981, no writ). These medical services are to be provided both at the time of the injury and at any time thereafter for the remainder of the claimant's life, if required to relieve the claimant from the effects naturally resulting from the injury. Tex.Rev.Civ. Stat. Ann. art. 8306, § 7; art. 8307, § 5. The employee's right to recovery for medical expenses is dependent on a showing they are reasonable and necessary. *See Select Ins. Co. v. Patton*, 506 S.W.2d 677 (Tex.Civ.App.-Amarillo 1974, writ ref'd n.r.e.). Testimony by the treating physician that the charges are reasonable is sufficient to establish that fact. *Id.*

Jones claims the Board awards in 1979 and the 270th Judicial District Court judgment in 1996 decided the issue of whether his bacterial heart condition, which required valve replacement surgery, was a compensable injury caused by his job-related finger injury.

■ Res judicata is a general term for two related rules concerning the conclusive effects of final judgments. The rules are: (1) claims preclusion, also known as res judicata; and (2) issue preclusion, also known as collateral estoppel. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992). Res judicata prevents the relitigation of a claim that has been finally adjudicated, as well as all related matters that reasonably could and should have been litigated in the prior suit. Res judicata is only applicable where there is: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *McGee v.*

*McGee*, 936 S.W.2d 360, 363 (Tex.App.-Waco 1996, writ denied).

■ The Texas Supreme Court, in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984), established the prerequisites to collateral estoppel as follows: (1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. The court has since removed the third requirement of mutuality. *Eagle Props., Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex.1991) (finding "it is only necessary that the party against whom the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation"). Issue preclusion, or collateral estoppel, prevents the relitigation of particular issues already resolved in a prior suit. *Lone Star Partners v. NationsBank Corp.*, 893 S.W.2d 593, 597 (Tex.App.-Texarkana 1994, writ denied). The inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been litigated and determined. *See Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). The doctrine of collateral estoppel or issue preclusion is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues. *Sysco Food Servs., Inc.*, 890 S.W.2d at 801. Jones' contention that the Board and the 270th Judicial District Court decided the issue on the compensability of his heart ailment is properly analyzed under the doctrine of collateral estoppel, or issue preclusion.

### The 1979 Board Awards

■ From a review of the summary judgment evidence, it is reasonable to con-

clude that the 1979 Board fully and fairly litigated the issue of whether Jones' heart ailment was a compensable injury caused by his cut finger. Jones points out it is illogical the Board would order Wausau to pay $91.00 per week in compensation for 14–5/7 consecutive weeks for a minor cut finger. The logical inference, Jones suggests, is that the awards were for the heart ailment. Jones also contends the order, which leaves future medical expenses open for his lifetime, is further evidence the Board determined the heart ailment was compensable. In addition, the record is clear that the 1979 Board ordered Wausau to pay the medical expenses of Rickman, a cardiologist who was Jones' treating physician for the heart valve replacement surgery. From this evidence, we conclude that the 1979 Board considered and determined that Jones' heart infection was a compensable injury caused by the infection to his cut finger. *See Middlebrook v. Tex. Indem. Ins. Co.*, 112 S.W.2d 311, 312–13 (Tex.Civ.App.-Dallas 1937), *writ dism'd w.o.j.*, 131 Tex. 163, 114 S.W.2d 226 (1938) (finding awards of Industrial Accident Board, like judgments, must be liberally construed so as to read into them their necessary implications and make them serviceable instead of useless).

Exhibit E, attached to Wausau's motion for summary judgment, which includes the affidavit of Jones' wife, Mary L. Jones, is further evidence the Board fully and fairly considered and determined this issue. In that affidavit, Jones' wife states that the dispute over whether the cut finger her husband suffered resulted in development of endocarditis was resolved in her husband's favor in the worker's compensation proceedings in 1979. She states Wausau presented Owen's affidavit in support of its proposition that Jones' heart ailment was not caused by his cut finger, but the Board rejected this contention.

■ Wausau did not appeal the 1979 Board awards. If a suit to set aside the Board's final ruling and decision is not brought within the time period allowed,[4] the Board's decision becomes final and that award is on a parity with the judgment of a court. *Anderson v. New York Underwriters Ins. Co.*, 613 S.W.2d 16, 18 (Tex.Civ.App.-Texarkana 1981, writ dism'd). It is entitled to the same faith and credit as a judgment of a court. *Ocean Accident & Guarantee Corp. v. Pruitt*, 58 S.W.2d 41, 45 (Tex. Comm'n App.1933). The decision thus becomes binding on the parties and unappealable. *Gentry v. Travelers Ins. Co.*, 459 S.W.2d 709, 711 (Tex.Civ.App.-Houston [14th Dist.] 1970, writ ref'd n.r.e.). The Board's final judgment is not subject to collateral attack unless fraud, accident, or mistake is involved. *See Daniels v. Travelers Ins. Co.*, 606 S.W.2d 724, 725 (Tex.Civ.App.-Fort Worth 1980, writ dism'd); *Gen. Am. Cas. Co. v. Rosas*, 275 S.W.2d 570, 572 (Tex.Civ.App.-Eastland 1955, writ ref'd n.r.e.). The 1979 Board awards are final and entitled to the same full faith and credit as the judgment of a court.

*The 1996 Judgment of the 270th Judicial District Court*

■ The 270th Judicial District Court granted summary judgment in favor of Jones October 16, 1995, finding the 1979 Board awards had preclusive effect and could not be collaterally attacked by Wausau. Wausau prematurely appealed that judgment to the First District Court of Appeals. The trial court conducted a bench trial after which, on August 2, 1996,

---

**4.** The time period allowed is twenty days after the award. Tᴇx.Rᴇv.Cɪv. Sᴛᴀᴛ. Aɴɴ. art. 8307, § 5.

it rendered final judgment ordering Wausau to pay various medical expenses Jones had incurred since 1979, interest on that judgment, and attorney's fees. On September 4, 1996, the trial court made detailed findings of fact and conclusions of law. The parties thereafter reached a settlement agreement, and the First Court of Appeals dismissed the appeal. The trial court's judgment is still intact and was not affected by the settlement agreement.

Under the Texas Rules of Appellate Procedure, an appellate court may "set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance wit [sic] . . . [an agreement signed by the parties]." TEX.R.APP. P. 42.1; *see Houston Cable TV, Inc. v. Inwood W. Civic Ass'n*, 860 S.W.2d 72, 73 (Tex.1993). In this case, neither party moved for vacatur and the First Court of Appeals merely dismissed the appeal, leaving the trial court's judgment intact. In addition, there was no subsequent decree by the 270th Judicial District Court incorporating the settlement agreement, and the orders of that court are, therefore, unaffected. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 154.071(c) (Vernon 1997) (settlement agreement does not affect outstanding court order unless terms of agreement are incorporated into subsequent decree).

■ Parties are permitted to contractually prevent future litigation between themselves involving the same issues or render the judgment of a court of no effect inter se. *See In re Mem'l Hosp.*, 862 F.2d 1299, 1303 (7th Cir.1988); TEX. CIV. PRAC. & REM.CODE ANN. § 154.071(a) (Vernon 1997) (written settlement agreement is "enforceable in the same manner as any other written contract"). Jones and Wausau point to different agreements as the "settlement agreement" in this case. Wausau points to a November 1, 1996, Rule 11

agreement letter, stating that Wausau will pay Jones a monetary sum for "full satisfaction of the attorney's fees and pre-judgment interest," and that the "parties agree that the Findings of Fact and Conclusions of Law signed by [the 270th Judicial District Court] on September 4, 1996 are vacated, of no force and effect for any future purpose, and that no further action will be taken on same." Wausau also produced a "Release of Judgment" as an exhibit to its motion for summary judgment, stating, "Jones . . . HEREBY FOREVER RELEASE[S], DISCHARGE[S], AND ACQUIT[S] Employers Insurance of Wausau . . . from payment of all money damages and attorney's fees awarded . . . under that certain Final Judgment signed by the . . . 270th Judicial District Court of Harris County, Texas, on the 2nd day of August, 1996." Jones produced an unsigned "Partial Release of Claims" in his response to Wausau's motion for summary judgment, which states Jones releases Wausau "from any and all liability . . . for or because of that part of final judgment rendered on August 2, 1996 . . . [i]n the District Court of Harris County, Texas." That release also agrees to vacate the 270th Judicial District Court's findings of fact and conclusions of law.

The common thread in these agreements is that Jones agreed to release Wausau from liability for the damages assessed in the 270th Judicial District Court judgment and to vacate that court's findings of fact and conclusions of law in exchange for a monetary sum. In none of these agreements does Jones agree to render the trial court's judgment of August 2, 1996, of no effect. The 270th Judicial District Court judgment is, therefore, entitled to preclusive effect in this Court.

The trial court's August 2, 1996, judgment implies all necessary findings of fact to support it are present, provided that the

proposition is one raised by the pleadings and supported by the evidence. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990). The issue of whether Jones' heart ailment was caused by his cut finger was raised by the pleadings and evidence before the 270th Judicial District Court and was decided in Jones' favor in that court. For these reasons, the 270th Judicial District Court's judgment also has preclusive effect on whether Jones' heart ailment is a compensable injury.

*Former Article 8307 of the Workers' Compensation Act*

▇▇ Wausau's main contention is not that the elements of collateral estoppel were not met in either the 1979 Board awards or the 1996 270th Judicial District Court judgment, but instead that the use of collateral estoppel is precluded by statute in these circumstances. Wausau contends that TEX.REV.CIV. STAT. ANN. art. 8307, § 5, specifically bars the application of res judicata in claims for future medical benefits under the Workers' Compensation Act. Wausau concludes that the statute authorizes it to contest whether Jones' later-incurred medical expenses for his heart infection are naturally related to his injured finger.

A brief history of Articles 8306 and 8307 will be useful in determining their purpose and meaning. Before the 1957 amendment, Section 7 of Article 8306 provided, generally, that the insurer should furnish reasonable medical and hospital services for an injured worker during the first four weeks following injury and, on proper weekly certificates, should furnish additional medical services for a total period not exceeding ninety-one days and additional hospital services for a total period not exceeding 180 days. *See Tex. Cas. Ins. Co. v. Beasley,* 391 S.W.2d 33, 39 (Tex.1965) (op. on reh'g). The amendment of 1957 removed the time limitation on the insurer's liability for medical and hospital services. *Id.* The Act of 1957 also added a new paragraph to Section 5 of Article 8307, which states:

Notwithstanding any other provision of this law, as amended, no award of the Board, and no judgment of the court, having jurisdiction of a claim against the association for the cost or expense of items of medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances furnished to an employee under circumstances creating a liability therefor on the part of the association under the provisions of this law, shall include in such award or judgment any cost or expense of any such items not actually furnished to and received by the employee prior to the date of said award or judgment. The first such final award or judgment rendered on such claim shall be res judicata of the liability of the association for all such cost or expense which could have been claimed up to the date of said award or judgment and of the issue that the injury of said employee is subject to the provisions of this law with respect to such items, but shall not be res judicata of the obligation of the association to furnish or pay for any such items after the date of said award or judgment. After the first such final award or judgment, the Board shall have continuing jurisdiction in the same case to render successive awards to determine the liability of the association for the cost or expense of any such items actually furnished to and received by said employee not more than six (6) months prior to the date of each such successive award, until the association shall have fully discharged its obligation under this law to furnish all such medical aid, hospital services, nursing, chiropractic services, medicines or prosthetic appliances to which said employee may be entitled;

provided, each such successive award of the Board shall be subject to a suit to set aside said award by a court of competent jurisdiction, in the same manner as provided in the case of other awards under this law.

Tex.Rev.Civ. Stat. Ann. art. 8307, § 5.

Courts interpreting the 1957 amendment have found that the obvious purposes of the paragraph added to Section 5 of Article 8307 was: (1) to implement the unlimited medical and hospital provisions of Section 7 of Article 8306; and (2) to provide certain safeguards for both the claimant and the insurer. *Pearce v. Tex. Employers Ins. Ass'n,* 403 S.W.2d 493, 498 (Tex. Civ.App.-Dallas 1966, writ ref'd n.r.e.). These safeguards embodied in the "res judicata provisions" provide that no award or judgment is authorized for such additional expenses unless and until the services are actually furnished. *Id.* Specifically, Section 5 states that no award or judgment against an insurer may include any medical cost or expense that has not been actually furnished to and received by the employee before the date of the judgment. Therefore, to safeguard the insurer, the "res judicata provisions" provide that the insured is not entitled to receive expenses for future medical care until those expenses are incurred. *See Employers Mut. Cas. Co. v. Poorman,* 428 S.W.2d 698, 701 (Tex.Civ.App.-San Antonio 1968, writ ref'd n.r.e.). To safeguard the employee, Section 5 gives the Board "continuing jurisdiction" after "the first such final award or judgment" to render "successive awards" for future medical expenses. Tex. Rev.Civ. Stat. Ann. art. 8307, § 5; *see also Pearce,* 403 S.W.2d at 498. This ensures the employee will be able to obtain medical expenses after the final judgment. To recover for future medical expenses, the employee must establish that the expenses are reasonably required to cure and relieve him or her from the effects naturally

resulting from a compensable injury. Tex. Rev.Civ. Stat. Ann. art. 8306, § 7 (repealed 1989); *Hartford Accident & Indem. Co. v. Thurmond,* 527 S.W.2d 180, 190 (Tex.Civ. App.-Corpus Christi 1975, writ ref'd n.r.e.). The claimant must also show that the medical expenses are reasonable and necessary. *See Select Ins. Co.,* 506 S.W.2d at 688; *Aetna Cas. & Sur. Co. v. Jennusa,* 469 S.W.2d 423, 428 (Tex.Civ.App.-Beaumont 1971, no writ); *Bituminous Cas. Co. v. Whitaker,* 356 S.W.2d 835, 837 (Tex.Civ. App.-Eastland 1962, no writ).

Wausau cites authority for the proposition enunciated above, that a Board judgment is not res judicata on medical expenses later incurred. *See Denney v. Tex. Employers Ins. Ass'n,* 780 S.W.2d 412, 413 (Tex.App.-Texarkana 1989, no writ); *Lowe v. St. Paul Mercury Ins. Co.,* 730 S.W.2d 458, 459 (Tex.App.-Beaumont 1987, writ ref'd); *Tex. Employers' Ins. Ass'n v. Steadman,* 431 S.W.2d 556, 557 (Tex.Civ. App.-Amarillo 1968, no writ); *Dover v. Cas. Reciprocal Exch.,* 410 S.W.2d 306, 308 (Tex.Civ.App.-Amarillo 1966, no writ); *W. Alliance Ins. Co. v. Tubbs,* 400 S.W.2d 850, 852–53 (Tex.Civ.App.-Waco 1965, writ ref'd n.r.e.). Wausau, however, reads the res judicata provisions of Section 5 too broadly. Wausau contends the final judgment of the Board is not res judicata for any purpose, and the safeguard provisions of Section 5 require the employee to establish the compensability of his or her original injury every time that employee seeks further medical care. This cannot be the meaning of Section 5. The res judicata provisions safeguard the insurer only to the extent that it does not have to provide for future medical expenses until they are incurred and that the insured is required to show that those future medical expenses are reasonable and necessary to relieve the worker from the effects naturally resulting from a compensable injury. This

ensures that an injured employee will not be able to recover any amount of unreasonable medical expenses, whether related to the injury on the job or not. This section does not contemplate the continued relitigation of whether the injury was compensable.

■ The Legislature has identified the purpose of the Workers' Compensation Act as to provide prompt and fair workers' compensation payments for injured workers, to minimize the expense and delay of court action and the resulting drain on the resources of the claimant, and to provide for equitable administration of the law with the goal of channeling the largest possible amount of the premium dollar into the pocket of the injured worker. *See Ryan v. Travelers Ins. Co.,* 715 S.W.2d 172, 175 (Tex.App.-Houston [1st Dist.] 1986). Along these lines, courts have frequently interpreted that the primary purposes of the Workers' Compensation Act is to benefit and protect injured employees, and to expedite settlement of meritorious claims. *Id.* Generally, the Workers' Compensation Act should be liberally construed so as to effectuate the beneficial purposes for which it was enacted. *Id.* (citing *Travelers Ins. Co. v. Adams,* 407 S.W.2d 282, 287 (Tex.Civ.App.-Texarkana 1966, writ ref'd n.r.e.)).

In light of the history of Articles 8306 and 8307, and the purposes of the Workers' Compensation Act, Article 8307, Section 5 does not authorize Wausau to continually relitigate the issue of whether Jones' heart condition is a compensable injury caused by his cut finger. The 1979 Board awards and the 1996 270th Judicial District Court judgment both determined that Jones' heart condition was compensable as reasonably caused by his job-related finger injury. This determination is final, and Wausau is collaterally estopped from contesting this issue every time Jones in-

curs additional medical expenses. The trial court therefore erred in granting Wausau's motion for summary judgment, and we reverse that judgment.

Wausau did not contend in its motion for summary judgment that the medical expenses Jones incurred since 1997 were unreasonable, unnecessary, or unrelated to his heart condition. Further, there was no summary judgment evidence before the trial court as to whether Jones' medical expenses were related to his compensable heart ailment, or whether those expenses were reasonable and necessary. *See* Tex. Rev.Civ. Stat. Ann. art. 8306, § 7; *Thurmond,* 527 S.W.2d at 190; *Patton,* 506 S.W.2d at 688. For these reasons, we remand the proceedings to the trial court for a determination of these issues. In light of this disposition, it is not necessary to address Jones' contentions regarding his summary judgment evidence or his motion for new trial.

*Counterclaim*

Jones contends that Wausau's motion for summary judgment did not address his counterclaim for breach of the covenant and duty of good faith and fair dealing, and that summary judgment in favor of Wausau was therefore contrary to law and must be reversed for this additional reason. Wausau concedes it did not expressly address that cause of action in its motion, but argues that summary judgment was proper on this claim because the grounds asserted in its motion show there can be no recovery on that later pled cause of action.

■ We must first determine whether Jones' counterclaim was before the trial court. Jones filed his counterclaim July 15, 2002, four days before the July 19, 2002, summary judgment hearing. Tex.R. Civ. P. 63 provides:

Parties may amend their pleadings ... provided, that any pleadings ... offered for filing within seven days of the date of trial ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

The Texas Supreme Court in *Goswami v. Metro. Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988), found that leave of court is presumed when a summary judgment states that all pleadings were considered, when the record does not indicate that an amended pleading was not considered, and the opposing party does not show surprise.

The judgment for Wausau recites that: After considering the moving and opposition papers ... and all other matters presented to the Court it is hereby:

ORDERED ... that ... Illinois Employers Insurance of Wausau's Motion for Final Summary Judgment is GRANTED.

The counterclaim was part of the record before the trial court, and the trial court's judgment states that all presented matters were considered by the court. *See id.* As in *Goswami,* the record here does not reflect whether leave of court was requested or granted, nor is there any indication the trial court refused leave to file the counterclaim. Because there is no basis in the record to conclude that Jones' counterclaim was not considered by the trial court, and because Wausau did not show any surprise or prejudice, leave of court is presumed. Jones' claim against Wausau for breach of the covenant and duty of good faith and fair dealing was before the court.

■■■ This presents a problem of finality. The general rule is that appellate courts have jurisdiction only over final judgments. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001). An order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party, or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id.* at 205. Because the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case. *Id.* at 205–06. A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language. *Id.* at 200. Thus, if a court has dismissed all of the claims in a case but one, an order determining the last claim is final. *Id.* That is not the case here. Jones' counterclaim was before the trial court and was not disposed of or otherwise dismissed.

■■■ Further, the language of an order or judgment can make it final if that language expressly disposes of all claims and all parties. *Id.* It is not enough, of course, that the order or judgment merely use the word "final." *Id.* The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. *Id.* In this case, the trial court's order granting Wausau's motion for summary judgment provides: "This judgment finally disposes of all parties and all claims and is appealable." This language was specifically provided for in *Lehmann,* and it leaves no doubt about the court's intention to make its order final and appealable. *See id.* at 206.

■■■ The order was therefore final, but Wausau's motion for summary judgment did not specifically address Jones' bad-faith claim. Generally, summary judgment cannot be granted on a claim not addressed in the summary judgment proceeding. *Chessher v. Southwestern Bell*

*Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983). As the *Lehmann* court stated, a judgment granting more relief than entitled is subject to reversal. *Lehmann,* 39 S.W.3d at 200. Summary judgment, however, may be granted on later pled causes of action if the grounds asserted in the motion for summary judgment show there can be no recovery on the later pled cause of action. *Sharpe v. Roman Catholic Diocese of Dallas,* 97 S.W.3d 791, 797 (Tex.App.-Dallas 2003, pet. denied); *see also Pinnacle Data Servs., Inc. v. Gillen,* 104 S.W.3d 188, 197 (Tex.App.-Texarkana 2003, no pet.). Therefore, if the grounds asserted in Wausau's motion for summary judgment had shown that Jones could not recover on the later pled cause of action for bad faith, it would not be necessary to remand for further proceedings on that cause of action; we would simply affirm that portion of the trial court's judgment.[5]

The Texas Supreme Court has recognized the duty of an insurer to deal fairly and in good faith with its insured in the processing and payment of claims. *Aranda v. Ins. Co. of N. Am.,* 748 S.W.2d 210, 212 (Tex.1988); *Arnold v. Nat'l County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987); *English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983) (Spears, J., concurring). This duty of good faith and fair dealing arises out of the special trust relationship between the insured and the insurer. *Aranda,* 748 S.W.2d at 212. The contract between a compensation carrier and an employee creates the same type of special relationship that arises under other insurance contracts. *Id.* A workers' compensation claimant who asserts that a carrier has breached the duty of good faith and fair dealing by refusing to pay or delaying payment of a claim must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy, and (2) the carrier knew or should have known there was not a reasonable basis for denying the claim or delaying payment of the claim. *Id.* at 213.

Wausau contends that, while its motion for summary judgment does not expressly mention "bad faith," the grounds in the motion sufficiently address Jones' bad-faith claim. Wausau contends its motion shows that Jones was not entitled to reimbursement for his later-incurred, heart-related medical expenses under the workers' compensation policy because those expenses were not medically necessary to treat his finger injury. Therefore, Wausau concludes that, since it established it properly denied Jones' claim for coverage, there is no bad-faith claim as a matter of law. *See Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex.1995) (finding there can be no claim for bad faith when insurer has promptly denied claim that is in fact not covered).

We have determined, however, that Jones is entitled to reimbursement for medical expenses that are reasonable, necessary, and related to his heart ailment. Therefore, Wausau's motion for summary judgment did not establish that Jones' claim was not covered under the workers' compensation policy, or address the elements of Jones' claim for bad faith. We therefore also reverse and remand this case for further proceedings on Jones' counterclaim for bad faith.

*Conclusion*

The 1979 Board awards and the 1996 270th Judicial District Court judgment col-

---

5. Where a final summary judgment has disposed of a case and included causes of action not addressed in the underlying motion, it does not require remand of the entire cause. *Pinnacle Data Servs., Inc. v. Gillen,* 104 S.W.3d 188, 199 (Tex.App.-Texarkana 2003, no pet.) (op. on reh'g). Those causes of action properly adjudged by the trial court may be affirmed, and those not addressed in the underlying motion are to be remanded. *Id.*

laterally estop Wausau from contesting whether Jones' heart ailment is a compensable injury caused by his cut finger. Wausau did not contend in its motion for summary judgment that the medical expenses Jones incurred since 1997 were unreasonable, unnecessary, or unrelated to his heart ailment. Therefore, on remand, Jones must establish that his current medical expenses are, in fact, reasonable, necessary, and related to his compensable heart ailment. In addition, Wausau's motion for summary judgment did not show that Jones could not recover on his later pled cause of action for bad faith. Summary judgment in favor of Illinois Employers Insurance of Wausau is reversed and remanded for further proceedings consistent with this opinion.