IN RE ILLINOIS EMPLOYERS
INSURANCE OF WAUSAU,
Relator

NO. 14–16–00032–CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed June 2, 2016

Rehearing Overruled August 11, 2016

Catherine L. Hanna, Austin, TX, for Relator.

Joe Alfred Izen, Jr., Bellaire, TX, for Real Party in Interest.

Panel consists of Chief Justice Frost and Justices Boyce and Wise.

## OPINION

William J. Boyce, Justice

Relator Illinois Employers Insurance of Wausau ("Wausau") filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex.R.App. P. 52. Wausau asks this court to compel the Honorable William C. Kirkendall, presiding judge of the 2nd 25th District Court of Colorado County, to set aside his January 4, 2016 order denying Wausau's plea to the jurisdiction as to bad faith claims in the underlying workers' compensation case. We conditionally grant the petition.

## BACKGROUND

Wood F. Jones cut his finger in March 1978 in the course of his employment; he was diagnosed with "staphylococcal aureus" and treated with antibiotics. *Jones v. Ill. Emp'r Ins. of Wausau,* 136 S.W.3d 728, 732 (Tex.App.—Texarkana 2004, no pet.). In June 1978, Jones was diagnosed with bacterial endocarditis and underwent surgery for the replacement of an aortic valve. *Id.* Jones sought workers' compensation benefits. *Id.* On March 18, 1979, the Texas Industrial Accident Board determined that Jones had suffered a compensable injury and ordered Wausau, the workers' compensation carrier, to pay Jones for disability and medical expenses including those related to his care under his cardiologist. *Id.* Wausau did not appeal the Board's order. *Id.* at 733.

Jones subsequently submitted additional medical expenses related to his heart condition to the Texas Workers' Compensation Commission, the Board's successor. *Id.* On June 18, 1993, the Commission ordered Wausau to pay for medical expenses Jones had incurred since the Board's awards in 1979. *Id.* Wausau appealed the Commission's orders to the 270th District Court in Harris County, which signed a final judgment in favor of Jones on the basis that the Board's prior awards had preclusive effect. *Id.*

Between 1997 and 2001, the Commission entered seven orders for Wausau to pay Jones's medical expenses. *Id.* Wausau appealed each award and all appeals eventually were consolidated in the 25th District

Court of Colorado County. That court agreed with Wausau and determined that Jones's bacterial heart condition was not compensable because it was not related to the cut finger. *Id.* at 733–34. The Texarkana Court of Appeals reversed after concluding that (1) the 1979 Board had determined that Jones's heart infection was a compensable injury caused by the infection to his finger; and (2) the "1979 Board awards are final and entitled to the same full faith and credit as the judgment of a court." *Id.* at 738.

On August 7, 2015, Jones filed his third amended counterclaim against Wausau, which included allegations of common law bad faith and violations of the Texas Insurance Code in connection with the handling of his claims. He alleged that Wausau failed in July 2015 to pay $30,650.04 in medical benefits for treatment of his heart condition on grounds that this treatment was not related to his "covered work related injury." Wausau responded by asserting that Jones has no statutory extracontractual or common law bad faith causes of action in light of *Texas Mutual Insurance Company v. Ruttiger,* 381 S.W.3d 430 (Tex.2012). Jones contended that *Ruttiger* has no retroactive application to his claims for common law bad faith and violations of the Insurance Code.

■ Wausau filed a plea to the jurisdiction with respect to Jones's common law and statutory badfaith claims. *See In re Crawford & Co.,* 458 S.W.3d 920, 928–29 (Tex.2015) (orig.proceeding) (per curiam) (Division of Workers' Compensation within the Texas Department of Insurance has exclusive jurisdiction over common law and statutory claims that the carrier improperly investigated, handled, or settled a workers' compensation claim for benefits). When exclusive jurisdiction is vested with the Division, a trial court is without jurisdiction to consider claims subject to the Division's jurisdiction. *Id.* at 928; *see also In re Liberty Mut. Fire Ins. Co.,* 295 S.W.3d 327, 328 (Tex.2009) (orig.proceeding) (per curiam) (trial court should have dismissed workers' compensation claimant's suit because the Division had exclusive jurisdiction to determine claimant's entitlement to medical benefits). Whether an administrative agency has exclusive jurisdiction is a question of law that we review de novo. *In re Entergy Corp.,* 142 S.W.3d 316, 322 (Tex.2004) (orig.proceeding).

The trial court denied Wausau's plea to the jurisdiction on January 4, 2016. Wausau seeks mandamus relief from the trial court's denial of the plea to the jurisdiction with respect to Jones's claims for common law and statutory bad faith. Wausau asserts that the trial court has jurisdiction over Jones's claims for attorney's fees and statutory penalties associated with claims on which he has prevailed following judicial review of the agency's orders.

## MANDAMUS STANDARD

■ A relator seeking mandamus relief must demonstrate (1) the trial court clearly abused its discretion; and (2) lack of an adequate remedy by appeal. *In re Reece,* 341 S.W.3d 360, 364 (Tex.2011) (orig.proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding) (per curiam).

■ The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.,* 256 S.W.3d 257, 262 (Tex.2008) (orig.proceeding). Because this balance depends heavi-

ly on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex.2008) (orig.proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

### ANALYSIS

### I. Abuse of Discretion

We focus on whether Jones can pursue common law and statutory bad faith claims arising from Wausau's 2015 denial of workers' compensation benefits relating to a pre–1989 injury and agency determination of benefits.

The workers' compensation act in effect in 1978 governs Jones's claims for benefits. *See Jones*, 136 S.W.3d at 736. Based upon 1989 amendments to the workers' compensation statute, an injured worker no longer can maintain common law or statutory bad faith claims in connection with the carrier's improper handling of compensation claims. *See Crawford & Co.*, 458 S.W.3d at 923–24. Notwithstanding the 1989 statutory amendments, Jones posits that he still can pursue his common law and statutory bad faith claims against Wausau.

A brief overview of changes in bad faith law in the workers' compensation context is appropriate at this juncture.

The Texas Supreme Court held that workers' compensation carriers owed injured employees a common law duty of good faith and fair dealing in the handling of claims in *Aranda v. Insurance Company of North America*, 748 S.W.2d 210, 212–13 (Tex.1988). *Aranda* allowed employees to sue for common law bad faith outside the statutory workers' compensation dispute resolution system existing in 1988 because (1) there was a disparity of bargaining power between compensation insurers and employees; (2) insurers exclusively controlled claims processing under the workers' compensation scheme in effect at that time; and (3) arbitrary claim denials and payment delays left injured employees without recourse. *Ruttiger*, 381 S.W.3d at 447 (citing *Aranda*, 748 S.W.2d at 212–13).

Additionally, former Article 21.21 of the Texas Insurance Code provided a cause of action to a person who sustained actual damages as a result of an insurance carrier's deceptive acts or practices. Act of Apr. 25, 1957, 55th Leg. R.S., Ch. 198, § 1, 1957 Tex. Gen. Laws 401, *repealed by* Act of June 1, 2003, 78th Leg., R.S., ch. 1274 § 26(a)(1), 2003 Tex. Gen. Laws 4138 (recodified at Tex. Ins. Code Ann. § 541.060 (West 2009)); *Ruttiger*, 381 S.W.3d at 438 (citing *Aetna Cas. & Sur. Co. v. Marshall*, 724 S.W.2d 770, 772 (Tex.1987)). This statute allowed an injured employee to sue a workers' compensation carrier under the Insurance Code in connection with the handling of a workers' compensation claim. *Marshall*, 724 S.W.2d at 772.

*Aranda* and *Marshall* remained in place for more than two decades until *Ruttiger*, in which the Texas Supreme Court reassessed this case law in light of intervening statutory changes.

The Texas Legislature amended the workers' compensation system in 1989 to address the deficiencies recognized in *Ar-*

*anda* 'and other problems in the pre-1989 workers' compensation law. *Ruttiger,* 381 S.W.3d at 451. Because the 1989 Workers' Compensation Act eliminated "the need for a judicially imposed cause of action outside the administrative processes and other remedies in the Act," *Ruttiger* overruled *Aranda*'s holding that allowed injured workers to pursue common law bad faith claims related to the carriers' handling of their compensation claims. *Id.*

*Ruttiger* also reassessed *Marshall*'s analysis regarding the availability of a statutory bad faith claim in this context. "[T]he current [1989 Workers' Compensation] Act with its definitions, detailed procedures, and dispute resolution process demonstrating legislative intent for there to be no alternative remedies was not in effect in 1987" when *Marshall* was decided. *Id.* at 444. *Ruttiger* held that causes of action under section 541.060 of the Insurance Code, which sets forth conduct constituting unfair or deceptive settlement practices, are incompatible with the 1989 Workers' Compensation Act's provisions. *Id.* at 439, 443. The 1989 Workers' Compensation Act's provisions "indicate legislative intent that its provisions for dispute resolution and remedies for failing to comply with those provisions in the workers' compensation context are exclusive of those in section 541.060." *Id.* at 444. To the extent *Marshall* was in conflict, *Ruttiger* overruled it. *Id.* at 445.

This overview and the chronology mesh as follows. Jones's compensable injury occurred in 1978. Subsequently, *Marshall* (in 1987) and *Aranda* (in 1988) permitted injured employees to sue the workers' compensation carrier for deceptive practices under the Insurance Code and common law bad faith outside the workers' compensation system. *Aranda,* 748 S.W.2d at 212–13; *Marshall,* 724 S.W.2d at 772. *Ruttiger* overruled *Marshall* and

*Aranda* in 2012 because the legislature overhauled procedures and remedies contained in the workers' compensation statute in 1989. *Ruttiger,* 381 S.W.3d at 445, 451. Jones contends that Wausau committed acts violating common law and statutory bad faith standards in 2015.

The pre–1989 workers' compensation statute governs the determination of benefits due to Jones in connection with his 1978 injury. *See Jones,* 136 S.W.3d at 736 ("Because Jones seeks benefits for an injury that occurred in 1978, this case is governed by the Workers' Compensation Act in effect at the time of his injury."); *see also Tex. Dep't of Ins.-Div. of Workers' Comp. v. Mensch,* 457 S.W.3d 163, 164 (Tex.App.–San Antonio 2015, pet. denied) (workers' compensation act in effect at time of 1980 injury governed benefits claim). We must decide a separate question: Are common law or statutory bad faith claims still available to Jones after *Ruttiger* based upon a denial of benefits in 2015?

The parties frame the issue as whether *Ruttiger* applies retroactively to bar Jones's bad faith claims. Jones contends that applying *Ruttiger* retroactively to foreclose common law or statutory bad faith claims here would violate constitutional protections by contravening (1) the prohibition against ex post facto laws; (2) the open courts provision; and (3) the due process clause. We do not reach these contentions because their resolution is not necessary to the disposition of this mandamus.

Jones sued Wausau in 2015 for common law bad faith and Insurance Code violations because Wausau refused in 2015 to pay for heart treatment that, according to Wausau, is not related to Jones's compensable 1978 work injury. Jones says this denial constitutes bad faith because Wausau impermissibly is attempting to reliti-

gate the Board's prior determination and a final judgment of the 270th District Court establishing that Jones suffered a compensable injury. Wausau is collaterally estopped to contest whether Jones's heart condition is a compensable injury caused by 1978 injury. *See Jones,* 138 S.W.3d 744–45.

■ Wausau's asserted bad faith conduct—refusing to pay Jones's $30,650.04 claim for medical treatment—occurred after *Ruttiger* was decided. These common law and statutory bad faith claims no longer are available after *Ruttiger. See Crawford & Co.,* 458 S.W.3d at 923–924. Because Jones's claims are predicated on Wausau's 2015 conduct, Jones cannot maintain his common law and statutory claims in light of *Ruttiger*'s 2012 reversal of *Aranda* and *Marshall.* Therefore, we conclude that the trial court abused its discretion by not dismissing Jones's claims for common law bad faith and violations of the Insurance Code.

## II. No Adequate Remedy by Appeal

Having concluded that the trial court abused its discretion, we must determine whether Wausau has an adequate remedy by appeal.

■ When a trial court erroneously denies a plea to the jurisdiction, the necessity of going to trial does not by itself make the remedy by appeal inadequate. *In re Entergy Corp.,* 142 S.W.3d at 321. In the context of exclusive agency jurisdiction, however, appellate courts also must consider whether denying mandamus relief interferes with the agency's legislatively mandated function and purpose. *Id.* Such interference may constitute a clear disruption of the orderly process of government, such that mandamus is appropriate. *Id.* Where the Act vests exclusive jurisdiction with the Division, the trial court's failure to grant a plea to the jurisdiction is subject to mandamus review to prevent a disruption in the orderly process of government. *Liberty Mut. Fire. Ins. Co.,* 295 S.W.3d at 328.

■ The Division has exclusive jurisdiction over Jones's claims regarding Wausau's handling of his medical benefits. Forcing Wausau to try Jones's common law bad faith and statutory violation claims would disrupt the orderly process of government by interfering with the administration of workers' compensation claims. *See Entergy Corp.,* 142 S.W.3d at 321. Moreover, mandamus review will preserve important substantive and procedural rights of Wausau and the parties' and public's resources by not compelling trial of Jones's bad faith claims. *See Prudential Ins. Co. of Am.,* 148 S.W.3d at 136. Thus, we conclude that Wausau does not have an adequate remedy by appeal.

## IV. Conclusion

The trial court abused its discretion by denying Wausau's plea to the jurisdiction as to Jones's bad faith claims. Wausau does not have an adequate remedy by appeal. Therefore, we conditionally grant the petition for writ of mandamus and order the trial court to set aside the order denying Wausau's plea to the jurisdiction as to Jones's bad faith claims and dismiss those claims. The writ will only issue if the trial court does not act in accordance with this opinion.