James **BUSTER**, Appellant,

v.

**METROPOLITAN TRANSIT AUTHORITY**, Appellee.

No. C14–91–00843–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 23, 1992.

Jeffery M. Stern, Steve Gordon, Houston, for appellant.

Gregory W. Abbott, Houston, for appellee.

Before JUNELL, ROBERTSON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

The sole issue on appeal is whether a judgment by the probate court precluded Metropolitan Transit Authority (appellee) from litigating or contesting the issue of the existence of a common law marriage between James Buster and Kathy Anne Espy. The trial court determined that appellee was not precluded from litigating the issue and based upon the stipulated facts, ordered that James Buster recover nothing from appellee. We affirm.

On August 24, 1989, James Buster (appellant) was riding as a passenger in a vehicle driven by Kathy Anne Espy (Espy) when it was negligently struck by a bus owned by appellee. As a result of the accident, appellant sustained injuries and Espy sustained fatal injuries. Admitting liability, appellee filed a petition for interpleader and deposited $104,000 into the registry of the district court because appellant alleged his right of recovery as the deceased's common-law husband and Barbara Overhiser (deceased's mother) asserted her right to recover damages as the deceased's sole statutory beneficiary. In appellant's answer to the interpleader action, he brought an action against appellee under the Texas Wrongful Death Act and Survival Statute. In addition to the interpleader action, there was an action in the probate court brought by appellant to determine the heirship of Espy. On December 21, 1990, the probate court held that appellant was the husband of Espy and was also her sole surviving heir.

In the present case, the parties stipulated that the amount of damages sustained by appellant depended upon the trial court's determination of whether appellee was precluded from litigating or contesting the existence of a common law marriage between Espy and appellant. If the trial court ruled that appellee was precluded, then appellant would receive $90,000 in damages, $15,000 of which had already been paid. However, if the trial court ruled that appellee was

not precluded, then appellant stipulated that he was not the common law husband of Espy and that he was only entitled to the $15,000. On May 20, 1991, the trial court ruled that appellee was not precluded from litigating or contesting the issue of whether James Buster was the common law husband of Espy and based on the stipulated facts, ordered that James Buster recover nothing from appellee.

Appellant argues that the trial court erred in determining that it may relitigate the existence of a common law marriage between himself and Espy because a relitigation of this issue would allow a collateral attack on the probate court's judgment. We disagree.

In order to preclude litigation of the common law marriage issue, appellant had the burden of proving: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816 (Tex.1984); *Amicus, Inc. v. Post–Tension of Texas, Inc.*, 686 F.Supp. 583, 589 (S.D.Tex.1987). Appellant failed to prove any of these elements. First, there is nothing in the record to show that the common law marriage issue was fully and fairly litigated in the probate action. Secondly, since appellee did not participate in the probate proceedings, it was appellant's burden to show that appellee's interest was represented by a party in the probate action. *Texas Real Estate Comm. v. Nagle*, 767 S.W.2d 691, 694 (Tex. 1989). Only appellant and Barbara Overhiser were mentioned in the probate court's judgment and the record is insufficient to prove that appellee's interest was represented by either of the parties.

Furthermore, the classes of persons entitled to sue under the Wrongful Death Act are to be determined in the wrongful death case and not in the probate action. *Garza v. Maverick Market, Inc.*, 768 S.W.2d 273 (Tex.1989). Wrongful death benefits attach to those classes of persons

identified by the Act as opposed to persons identified by the Texas Probate Code as heirs of the estate. *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220 (Tex. 1988). While the Texas Probate Code sets forth a comprehensive system for the settlement, partition and distribution of property incident to an estate, it did not intend to provide an appropriate means to identify classes of persons entitled to sue under the Wrongful Death Act. *Id.* at 222; *Garza,* 768 S.W.2d at 275. Therefore, appellant's status as Kathy Anne Espy's spouse in the probate action is limited to the settlement, partition and distribution of property incident to her estate. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.