**Georgina Aguilar NAVA, Appellant,**

v.

**REDDY PARTNERSHIP/QUAIL CHASE d/b/a Quail Chase I & II Apartments; Mudugante J. Reddy a/k/a Muduganti J. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Malladi S. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Bhaguan R. Malladi d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Vivek Malladi a/k/a Vivek R. Malladi d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Vikram Malladi a/k/a Vikram R. Malladi d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Ashok M. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Gautam M.**

Reddy a/k/a Gautham M. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Vasu G. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Gita S. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Robert N. Warren d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Suhasini Malladi as Next Friend of Vivek R. Malladi, a Minor; Pravina Reddy as Next Friend of Ashok Reddy, a Minor; Sparks Security Patrol, Inc. d/b/a LSM Security Services; Linda Manuel d/b/a Sparks Security Patrol, Inc. and/or LSM Services and/or LSM Security Services and/or LSM Security Services, Inc.; Rodney Manuel d/b/a Sparks Security Patrol, Inc. and/or LSM Services and/or LSM Security Services and/or LSM Security Services, Inc.; Noah Sparks d/b/a Sparks Security Patrol, Inc. and/or LSM Services and/or LSM Security Services and/or LSM Security Services, Inc.; LSM Security Services, Inc.; LSM Security Services; and LSM Services, Appellees.

No. 01–98–00877–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 25, 1999.

Michael M. Essmyer, W. Scott Red, Jr., Clay T. Grover, Houston, for Appellant.

Kimberley A. Jacobson, Gavin H. McInnis, Richard P. Martini, Ford Charles Thanheiser, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and NUCHIA.

## OPINION

ADELE HEDGES, Justice.

Appellant, Georgina Aguilar Nava, individually and in various representative capacities, filed a wrongful death claim against appellees as the result of the shooting death of Lazaro Vazan–Carillo a/k/a Lazaro Bazan. The trial court granted appellees' motion for summary judgment against Nava, individually, on the grounds that her individual wrongful death claims were barred as a matter of law because she failed to commence an appropriate proceeding to prove her status as the decedent's common-law spouse within one year of the decedent's death as required by section 1.91(b) of the Family Code.[1] Act of May 31, 1969, 61st Leg., R.S., ch. 888, 1969 Tex. Gen. Laws 2707, 2717, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 369, § 9, 1989 Tex.

Gen. Laws 1458, 1461, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 891, 1995 Tex. Gen. Laws 4404 (recodified 1997) (current version at Tex. Fam.Code Ann. § 2.401 (Vernon 1998)). In her sole issue presented, appellant contends that the trial court erred in finding that she failed to timely institute a proceeding to establish her common-law marriage to the decedent. We reverse and remand.

## FACTS

On February 1, 1994, Lazaro Vazan–Carilla a/k/a Lazaro Bazan was murdered at the Quail Chase Apartments. In March 1994, Nava, claiming to be the decedent's common-law spouse, filed an application for social security benefits with the Social Security Administration. On April 28, 1995, Nava filed her application to determine heirship as decedent's common-law spouse. Nava amended her application in July 1995. Nava filed her wrongful death action on August 11, 1995. On September 12, 1995, the probate court made a judicial determination that Nava was decedent's heir and common-law wife.

On March 14, 1997, the Reddy defendants[2] filed a motion for partial summary judgment on the grounds that Nava had not timely instituted a proceeding to establish her common-law marriage to the decedent. The Sparks defendants[3] filed an identical motion

---

1. All references to section 1.91(b) of the Family Code are to section 1.91(b) as it existed before the 1995 amendments and the 1997 recodification. The current version now provides for a two-year period to establish proof of a common-law marriage. *See* Tex. Fam.Code Ann. § 2.401 (Vernon 1998).

2. Reddy Partnership/Quail Chase d/b/a Quail Chase I & II Apartments; Mudugante J. Reddy a/k/a Muduganti J. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Malladi S. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Bhaguan R. Malladi d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Vivek Malladi a/k/a Vivek R. Malladi d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Vikram Malladi a/k/a Vikram R. Malladi d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Ashok M. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II

Apartments; Gautam M. Reddy a/k/a Gautham M. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Vasu G. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Gita S. Reddy d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Robert N. Warren d/b/a Reddy Partnership/Quail Chase and/or Quail Chase I & II Apartments; Suhasini Malladi as next Friend of Vivek R. Malladi, a Minor; Pravina Reddy as next Friend of Ashok Reddy, a Minor.

3. Sparks Security Patrol, Inc. d/b/a LSM Security Services; Linda Manuel d/b/a Sparks Security Patrol, Inc. and/or LSM Services and/or LSM Security Services and/or LSM Security Services, Inc.; Rodney Manuel d/b/a Sparks Security Patrol, Inc. and/or LSM Services and/or LSM Security Services and/or LSM Security Services, Inc.; Noah Sparks d/b/a Sparks Security Patrol, Inc. and/or LSM Services and/or LSM Security Ser-

on March 27, 1997. Nava filed her response on April 4, 1997. The Reddy defendants filed a reply to her response on April 10, 1997.

A hearing on both motions was held April 18, 1997. It was noted that the supreme court had granted writ on two cases that interpreted the validity and applicability of section 1.91 of the Family Code, cases relied upon by both sides. The trial court deferred its decision until the supreme court ruled on that issue.

On January 29, 1998, the supreme court held that the one-year limitation period contained in section 1.91 of the Family Code did not conflict with the two-year limitation period contained in TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(b) (Vernon 1986). *Shepherd v. Ledford,* 962 S.W.2d 28, 35 (Tex.1998). As a result of the *Shepherd* opinion, the Sparks defendants filed a request for oral hearing on February 13, 1998. It was set for March 27.

Nava filed a supplemental response to the summary judgment motions on March 16, 1998. This response included Nava's application for social security benefits. On March 24, 1998, the Sparks defendants filed objections to the supplemental response. On March 26, 1998, Nava filed motion for leave to file the social security evidence. No ruling was made on this motion, but the trial court, as stated below, overruled appellees' objection to the evidence as being late filed. We consider the overruling of that objection to be the equivalent of an order granting Nava's motion for leave to file the social security evidence.

The trial court held a second hearing on March 27, 1998. All parties appeared through counsel. Counsel for both the Reddy defendants and the Sparks defendants argued that Nava's supplemental response was untimely. The trial court overruled their objections and then granted the partial summary judgments. On July 2, 1998, the trial court signed a severance order, making the judgments against Nava, in her individual capacity, final.

vices and/or LSM Security Services, Inc.; LSM Security Services, Inc.; LSM Security Services;

**Standard of Review**

Summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

**Analysis**

The issue before this Court is whether Nava timely complied with the requirements of section 1.91 of the Family Code. The version of section 1.91 applicable to Nava's suit provided:

(a) In any judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:

(1) a declaration of their marriage has been executed under Section 1.92 of this code; or

(2) they agreed to be married, and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

(b) A proceeding in which a marriage is to be proved under this section must be commenced not later than one year after the date on which the relationship ended or not later than one year after September 1, 1989, whichever is later.

Act of May 31, 1969, 61st Leg., R.S., ch. 888, 1969 Tex. Gen. Laws 2707, 2717, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 369, § 9, 1989 Tex. Gen. Laws 1458, 1461, *amended by* Act of May 24, 1995, 74th Leg., R.S., ch. 891, 1995 Tex. Gen. Laws 4404 (recodified 1997) (current version at TEX. FAM.CODE ANN. § 2.401 (Vernon 1998)).

■ Appellees moved for summary judgment on the grounds that Nava failed to acquire standing as decedent's common-law spouse because she did not file her wrongful death action within one year of decedent's death. This argument was rejected in *Ledford.* 962 S.W.2d at 32. Nava had the choice of filing her wrongful death claim within one year of the decedent's death, asserting her claim as his common-law spouse,

and LSM Services.

or using other procedures as allowed by section 1.91. *Id.* The choice was hers. *Id.* Summary judgment was not proper on the grounds set forth above.

On appeal, appellees argue that summary judgment was rendered based upon the fact that Nava did not initiate *any* proper proceeding within one year. Even construing their grounds for summary judgment this broadly, summary judgment was not proper.

■ Pursuant to section 1.91 of the Family Code, a proponent for a common-law marriage must *commence* some type of judicial, administrative, or other proceeding to establish the elements of a common-law marriage within one year after the relationship ended. Nava filed her application for widow benefits with the Social Security Administration the month after the decedent died. Therefore, Nava commenced a proceeding to establish her common-law marriage to the decedent within one year, as required by section 1.91.

Appellees contend that the application for social security benefits does not meet the requirements of section 1.91, relying on *Villegas v. Griffin Indus.*, 975 S.W.2d 745 (Tex. App.—Corpus Christi 1998, pet. denied). In *Villegas*, the court first held there was no common-law marriage because there was no evidence that the decedent had divorced his first wife. *Id.* at 750. In dicta, the court then said that even if the decedent legally ended his first marriage, the putative widow's application for social security benefits was insufficient to establish a common-law marriage because the putative spouse only offered to repeat what she had told the Social Security Administration, and there was no evidence that any of the elements required by Texas had to be proved to obtain widow's benefits. *Id.*

We are not faced with the concerns raised by the court in *Villegas.* The application completed by Nava sought the following information: (1) when Nava began living together with the decedent in a husband-and-wife relationship; (2) whether Nava and the decedent believed that their living together made them legally married; (3) how they introduced each other to relatives, friends, neighbors, business acquaintances, and others; and (4) where they lived together as husband and wife. Nava answered these questions with the acknowledgment that any false statement was a federal crime. Further, because the decedent was domiciled in Texas, the question of whether the parties were common-law husband and wife is controlled by Texas law for purposes of the Social Security Act. 42 U.S.C.A. § 416(h)(1)(A)(i) (West Supp.1998); *Ferrell v. Celebrezze*, 232 F.Supp. 281, 283 (S.D.Tex. 1964).

■ The elements of a common-law marriage in Texas are (1) an agreement to be married, (2) after the agreement, the couple lived together in this state as husband and wife, and (3) the couple represented to others that they were married. *Russell v. Russell*, 865 S.W.2d 929, 932 (Tex.1993). Nava provided this exact information in her application for social security benefits. She also provided the names of corroborating witnesses who responded to inquiries from the Social Security Administration.

This evidence, at the very least, raised a genuine issue of material fact as to whether Nava commenced a proceeding to establish her common-law marriage within one year of the decedent's death.

■ Appellees argue that the social security evidence was not properly before the trial court because it was not timely filed and Nava did not obtain leave of court to file her supplemental response. These arguments are without merit.

The Sparks defendants filed a request for a second hearing on its motion for summary judgment. This hearing was set for March 27, 1998. Nava filed her supplemental response on March 16, 1998, 11 days before the hearing. This response was served on all parties. The adverse party, not later than seven days before the hearing, may file and serve opposing affidavits or other written response; thus, Nava's supplemental response was timely filed. Tex.R. Civ. P. 166a(c).[4] Further, as set out above, the trial

---

4. The Reddy defendants contend that because they did not request a second hearing, the supplemental response was not timely as to them. We disagree. Counsel for the Reddy defendants

court's overruling of appellees' objection to the evidence was the equivalent of granting leave to file the social security evidence.

Because Nava's supplemental response was properly before the trial court, Nava raised a general issue of material fact as to the only grounds for summary judgment asserted by appellees; thus, the trial court erred in rendering summary judgment in favor of appellees.

We sustain Nava's sole point of error.

We reverse the judgment and remand the cause for further proceedings.

Joseph Dean Vasquez, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Before LARSEN, MCCLURE, and CHEW, JJ.

appeared on record at the hearing and argued against the use of the supplemental response. Counsel did not attempt to place any limits on his appearance and took full advantage of the

proceedings. In addition, the trial court overruled the defendants' objections to the supplemental response.