COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-495-CV

 

 

TAMARA LASHAE PRINCE                                                    APPELLANT

 

                                                   V.

 

DAVID L. FOREMAN D/B/A 

J&D CONTRACTORS AND 

GEORGE WESLEY HAIR, JR.                                                  APPELLEES

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury
found that Appellant Tamara Lashae Prince was not the spouse of Rodrick
Williams, Jr., and accordingly, the trial court signed a judgment that Prince
take nothing in the suit she brought against Appellees David L. Foreman d/b/a
J&D Contractors and George Wesley Hair, Jr. for the wrongful death of
Rodrick Williams, Jr.[2]  In three issues, Prince argues that the trial
court erred by (1) entering judgment on the jury verdict that she was not the
common law wife of Williams because a probate court had signed a judgment that
she was legally married to Williams, (2) instructing the jury that the probate
court order was not binding, and (3) failing to grant a new trial.  We will affirm.

The
facts surrounding the motor vehicle accident that resulted in the death of
Williams are not pertinent to our disposition of Prince=s
issues, so we omit a recitation of those facts. 
Likewise, Prince does not challenge the sufficiency of the evidence to
support the jury=s finding in question number two
of the court=s charge that Prince and
Williams were not married at the time of Williams=s
death.  Accordingly, that factual finding
is binding on this court.  See Carbona
v. CH Med., Inc., 266 S.W.3d 675, 687 (Tex. App.CDallas
2008, no pet.) (holding that A[u]nchallenged
jury findings of fact are binding on the appellate court@); Morrell
v. Finke, 184 S.W.3d 257, 285 n.29 (Tex. App.CFort
Worth 2005, pet. denied) (same).  We
therefore also omit a recitation of the evidence introduced by both sides on
the issue of whether Prince and Williams were common law married at the time of
his death.  








In her
first issue, Prince argues that the trial court erred by entering judgment on
the jury=s
finding that she was not married to Williams because the  probate court had entered an order finding
that she was married to Williams.  In her
second issue, Prince contends that the trial court erred by instructing the
jury that the probate court orderCwhich
was introduced into evidence during the wrongful death trialCwas not
binding.  By these two issues and her
accompanying arguments, Prince essentially argues that the probate court order
finding that she was married to Williams was binding on the trial court and on
the jury.

In a
case almost factually identical to this one, the Fourteenth Court of Appeals
rejected the argument that Prince makes here. 
See Buster v. Metro. Transit Auth., 835 S.W.2d 236, 237B38 (Tex.
App.CHouston
[14th Dist.] 1992, no writ).  In Buster,
the Fourteenth Court explained, 








 In order to preclude litigation of the common
law marriage issue [in the wrongful death action based on a prior probate court
order], appellant had the burden of proving: 
(1) the facts sought to be litigated in the second action were fully and
fairly litigated in the prior action; 
(2) those facts were essential to the judgment in the first action;  and (3) the parties were cast as adversaries
in the first action.  Appellant failed to
prove any of these elements.  First,
there is nothing in the record to show that the common law marriage issue was
fully and fairly litigated in the probate action.  Secondly, since appellee did not participate
in the probate proceedings, it was appellant=s burden
to show that appellee=s interest was represented by a
party in the probate action.  Only
appellant and Barbara Overhiser were mentioned in the probate court=s
judgment and the record is insufficient to prove that appellee=s
interest was represented by either of the parties.

Furthermore,
the classes of persons entitled to sue under the Wrongful Death Act are to be
determined in the wrongful death case and not in the probate action.  Wrongful death benefits attach to those
classes of persons identified by the Act as opposed to persons identified by
the Texas Probate Code as heirs of the estate. 
While the Texas Probate Code sets forth a comprehensive system for the
settlement, partition and distribution of property incident to an estate, it
did not intend to provide an appropriate means to identify classes of persons
entitled to sue under the Wrongful Death Act. 
Therefore, appellant=s status
as Kathy Anne Espy=s spouse in the probate action
is limited to the settlement, partition and distribution of property incident
to her estate.

Id.; see
also Phillips v. Dow Chem. Co., 186 S.W.3d 121, 128B29 (Tex.
App.CHouston
[1st Dist.] 2005, no pet.) (holding in wrongful death suit that A[a]lthough
the record shows that the probate court declared that Phillips is Stewart=s husband
and heir, neither the trial court nor appellees is bound by that
determination.  Collateral estoppel
principles did not apply to preclude appellees=
challenge to Phillips=s standing, because no appellee
was a party to the probate-court proceeding@). 








The
principles of collateral estoppel do not apply here to the probate court=s order
that Prince was the common law spouse of Williams.  Prince failed to establish that the facts of
her alleged common law marriage were fully and fairly litigated in the probate
court or that the parties (i.e., Appellees here) were cast as her adversaries
in the probate action.  In fact,
Appellees were not parties to the probate court proceeding.  The record before us fails to establish that
Appellees were collaterally estopped from litigating Prince=s
standing to recover as a surviving spouse under the wrongful death
statute.  








Prince
nonetheless argues that the probate court order was determinative on the issue
of whether she was common law married to Williams at the time of his death
based on principles enunciated in Shepherd v. Ledford, 962 S.W.2d 28, 30B32 (Tex.
1998), and Nava v. Reddy P=ship/Quail
Chase, 988 S.W.2d 346, 350 (Tex. App.CHouston
[1st Dist.] 1999, no pet.).  In both Shepherd
and Nava, however, the courts did not hold that a probate court order
declaring that the deceased had a common law marriage was conclusive in a
subsequent wrongful death action; the courts held that the family code
provision at issue (then section 1.91(b), now section 2.401) Asimply
estops a person from claiming that he or she is informally married unless he or
she starts a proceeding [which may be a wrongful death action] to establish an
informal marriage@ within the period prescribed by
the provision (one year under 1.91 and two years under 2.401).  Shepherd, 962 S.W.2d at 32; Nava,
988 S.W.2d at 350; see also Tex. Fam. Code Ann. '
2.401(b) (Vernon 2006) (providing that proceeding to establish common law
marriage must be commenced within two years of date on which parties separated
and ceased living together or it is rebuttably presumed that they were not
married).  Thus, because Prince properly
commenced her probate proceeding within family code section 2.401=s
two-year time requirement for establishing an informal marriage, she was not
estopped from claiming in her subsequent wrongful death action that she was
common law married to Williams.  Shepherd,
962 S.W.2d at 32; Nava, 988 S.W.2d at 350.  The fact that Prince is not estopped from
asserting that she was common law married to Williams at the time of his death
does not mean that Appellees are estopped from asserting the contrary or that
Prince=s common
law marriage is conclusively established for purposes of her wrongful death
suit.  Buster, 835 S.W.2d
at 237B38; see
also Shepherd, 962 S.W.2d at 32; Nava, 988 S.W.2d at 350.  Accordingly, we overrule Prince=s first
issue.








For the
same reasons we overruled Prince=s first
issue, we overrule her second issue. 
That is, because Appellees were not collaterally estopped from
litigating the issue of Prince=s common
law marriage to Williams, the trial court did not abuse its broad discretion by
instructing the jury that the probate court order was not binding on the issue
of Prince=s alleged common law marriage to
Williams.  To the contrary, the trial
court=s
instruction assisted the jury, was a correct statement of the law (as set forth
above), and was supported by the pleadings[3]
and the evidence.[4]  See Tex. R. Civ. P. 277; Hyundai
Motor Co. v. Rodriguez, 995 S.W.2d 661, 664 (Tex. 1999) (explaining that as
long as the charge is legally correct, appellate court reviews trial court=s
decision to submit or not submit jury instructions under abuse of discretion
standard).

Because
we have overruled Prince=s first and second issues
essentially arguing that the probate court conclusively established her common
law marriage, we need not address her third issue concerning the trial court=s
failure to grant a new trial.  In light
of our disposition of Prince=s first
two issues and the jury=s unchallenged factual finding
that Prince was not the common law spouse of Williams, Prince is not entitled
to a new trial in any event.  See
Tex. R. App. 47.1 (requiring appellate court to address only issues necessary
to disposition of appeal).

We
therefore affirm the trial court=s
judgment.

 

SUE WALKER

JUSTICE

 

PANEL: WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED: January 7, 2010











[1]See Tex. R. App. P. 47.4.





[2]The jury returned a
verdict favorable to Rodrick Williams, Jr.=s two children, the trial court signed a judgment
on the jury verdict for the children, and Appellees have satisfied that
judgment.





[3]Appellees filed a
verified denial pursuant to Texas Rule of Civil Procedure 93(2) denying that
Prince was the surviving spouse of Williams. 






[4]The parties litigated the
issue of Prince=s alleged common law
marriage during trial; both sides introduced evidence in support of their
respective positions.