

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

NO. 2-08-495-CV

---

TAMARA LASHAE PRINCE                                         APPELLANT

V.

DAVID L. FOREMAN D/B/A
J&D CONTRACTORS AND
GEORGE WESLEY HAIR, JR.                                      APPELLEES

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury found that Appellant Tamara Lashae Prince was not the spouse of Rodrick Williams, Jr., and accordingly, the trial court signed a judgment that Prince take nothing in the suit she brought against Appellees David L. Foreman d/b/a J&D Contractors and George Wesley Hair, Jr. for the wrongful death of

---

[1] *See* Tex. R. App. P. 47.4.

Rodrick Williams, Jr.[2] In three issues, Prince argues that the trial court erred by (1) entering judgment on the jury verdict that she was not the common law wife of Williams because a probate court had signed a judgment that she was legally married to Williams, (2) instructing the jury that the probate court order was not binding, and (3) failing to grant a new trial. We will affirm.

The facts surrounding the motor vehicle accident that resulted in the death of Williams are not pertinent to our disposition of Prince's issues, so we omit a recitation of those facts. Likewise, Prince does not challenge the sufficiency of the evidence to support the jury's finding in question number two of the court's charge that Prince and Williams were not married at the time of Williams's death. Accordingly, that factual finding is binding on this court. *See Carbona v. CH Med., Inc.*, 266 S.W.3d 675, 687 (Tex. App.—Dallas 2008, no pet.) (holding that "[u]nchallenged jury findings of fact are binding on the appellate court"); *Morrell v. Finke*, 184 S.W.3d 257, 285 n.29 (Tex. App.—Fort Worth 2005, pet. denied) (same). We therefore also omit a recitation of the evidence introduced by both sides on the issue of whether Prince and Williams were common law married at the time of his death.

---

[2] The jury returned a verdict favorable to Rodrick Williams, Jr.'s two children, the trial court signed a judgment on the jury verdict for the children, and Appellees have satisfied that judgment.

In her first issue, Prince argues that the trial court erred by entering judgment on the jury's finding that she was not married to Williams because the probate court had entered an order finding that she was married to Williams. In her second issue, Prince contends that the trial court erred by instructing the jury that the probate court order—which was introduced into evidence during the wrongful death trial—was not binding. By these two issues and her accompanying arguments, Prince essentially argues that the probate court order finding that she was married to Williams was binding on the trial court and on the jury.

In a case almost factually identical to this one, the Fourteenth Court of Appeals rejected the argument that Prince makes here. *See Buster v. Metro. Transit Auth.*, 835 S.W.2d 236, 237–38 (Tex. App.—Houston [14th Dist.] 1992, no writ). In *Buster*, the Fourteenth Court explained,

> In order to preclude litigation of the common law marriage issue [in the wrongful death action based on a prior probate court order], appellant had the burden of proving: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. Appellant failed to prove any of these elements. First, there is nothing in the record to show that the common law marriage issue was fully and fairly litigated in the probate action. Secondly, since appellee did not participate in the probate proceedings, it was appellant's burden to show that appellee's interest was represented by a party in the probate action. Only appellant and Barbara Overhiser were mentioned in the probate

3

court's judgment and the record is insufficient to prove that appellee's interest was represented by either of the parties.

Furthermore, the classes of persons entitled to sue under the Wrongful Death Act are to be determined in the wrongful death case and not in the probate action. Wrongful death benefits attach to those classes of persons identified by the Act as opposed to persons identified by the Texas Probate Code as heirs of the estate. While the Texas Probate Code sets forth a comprehensive system for the settlement, partition and distribution of property incident to an estate, it did not intend to provide an appropriate means to identify classes of persons entitled to sue under the Wrongful Death Act. Therefore, appellant's status as Kathy Anne Espy's spouse in the probate action is limited to the settlement, partition and distribution of property incident to her estate.

*Id.*; *see also Phillips v. Dow Chem. Co.*, 186 S.W.3d 121, 128–29 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding in wrongful death suit that "[a]lthough the record shows that the probate court declared that Phillips is Stewart's husband and heir, neither the trial court nor appellees is bound by that determination. Collateral estoppel principles did not apply to preclude appellees' challenge to Phillips's standing, because no appellee was a party to the probate-court proceeding").

The principles of collateral estoppel do not apply here to the probate court's order that Prince was the common law spouse of Williams. Prince failed to establish that the facts of her alleged common law marriage were fully and fairly litigated in the probate court or that the parties (i.e., Appellees here) were cast as her adversaries in the probate action. In fact, Appellees were not

4

parties to the probate court proceeding. The record before us fails to establish that Appellees were collaterally estopped from litigating Prince's standing to recover as a surviving spouse under the wrongful death statute.

Prince nonetheless argues that the probate court order was determinative on the issue of whether she was common law married to Williams at the time of his death based on principles enunciated in *Shepherd v. Ledford*, 962 S.W.2d 28, 30–32 (Tex. 1998), and *Nava v. Reddy P'ship/Quail Chase*, 988 S.W.2d 346, 350 (Tex. App.—Houston [1st Dist.] 1999, no pet.). In both *Shepherd* and *Nava*, however, the courts did not hold that a probate court order declaring that the deceased had a common law marriage was conclusive in a subsequent wrongful death action; the courts held that the family code provision at issue (then section 1.91(b), now section 2.401) "simply estops a person from claiming that he or she is informally married unless he or she starts a proceeding [which may be a wrongful death action] to establish an informal marriage" within the period prescribed by the provision (one year under 1.91 and two years under 2.401). *Shepherd*, 962 S.W.2d at 32; *Nava*, 988 S.W.2d at 350; *see also* Tex. Fam. Code Ann. § 2.401(b) (Vernon 2006) (providing that proceeding to establish common law marriage must be commenced within two years of date on which parties separated and ceased living together or it is rebuttably presumed that they were not married). Thus, because Prince

5

properly commenced her probate proceeding within family code section 2.401's two-year time requirement for establishing an informal marriage, *she was not estopped* from claiming in her subsequent wrongful death action that she was common law married to Williams. *Shepherd*, 962 S.W.2d at 32; *Nava*, 988 S.W.2d at 350. The fact that Prince is not estopped from asserting that she was common law married to Williams at the time of his death does not mean that Appellees are estopped from asserting the contrary or that Prince's common law marriage is conclusively established for purposes of her wrongful death suit. *Buster*, 835 S.W.2d at 237–38; *see also Shepherd*, 962 S.W.2d at 32; *Nava*, 988 S.W.2d at 350. Accordingly, we overrule Prince's first issue.

For the same reasons we overruled Prince's first issue, we overrule her second issue. That is, because Appellees were not collaterally estopped from litigating the issue of Prince's common law marriage to Williams, the trial court did not abuse its broad discretion by instructing the jury that the probate court order was not binding on the issue of Prince's alleged common law marriage to Williams. To the contrary, the trial court's instruction assisted the jury, was a correct statement of the law (as set forth above), and was supported by the

pleadings[3] and the evidence.[4]  *See* Tex. R. Civ. P. 277; *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 664 (Tex. 1999) (explaining that as long as the charge is legally correct, appellate court reviews trial court's decision to submit or not submit jury instructions under abuse of discretion standard).

Because we have overruled Prince's first and second issues essentially arguing that the probate court conclusively established her common law marriage, we need not address her third issue concerning the trial court's failure to grant a new trial.  In light of our disposition of Prince's first two issues and the jury's unchallenged factual finding that Prince was not the common law spouse of Williams, Prince is not entitled to a new trial in any event.  *See* Tex. R. App. 47.1 (requiring appellate court to address only issues necessary to disposition of appeal).

We therefore affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: January 7, 2010

---

[3] Appellees filed a verified denial pursuant to Texas Rule of Civil Procedure 93(2) denying that Prince was the surviving spouse of Williams.

[4] The parties litigated the issue of Prince's alleged common law marriage during trial; both sides introduced evidence in support of their respective positions.

7