J. Brett Busby, Justice
Bruce Howard was an employee of CES Environmental Services, Inc. who died at work as a result of a tank explosion. Appellant Nelly Sosa asserted she was informally married to Howard and was appointed administrator of his estate. Sosa filed a claim for death benefits with the Division of Workers' Compensation (DWC) and later filed a petition in probate court asserting wrongful death and survival claims against CES and others. The DWC hearing officer determined Sosa was not informally married to Howard and therefore was not entitled to death benefits as his surviving spouse.
In the wrongful death and survival case, CES filed a traditional motion for summary judgment on grounds that (1) Sosa was precluded from relitigating the issue of her informal marriage to Howard because of the DWC's determination, and therefore she lacked standing to bring her wrongful death action as the surviving spouse; and (2) her survival claim was barred by the exclusive remedy provision of the Workers' Compensation Act. The probate court granted CES's motion for summary judgment, and Sosa appeals.
On appeal, Sosa argues it was error to grant CES's motion for summary judgment for the following reasons: (1) she is not precluded from relitigating the issue of her informal marriage to Howard because the issue at the DWC hearing was whether she is a legal beneficiary as the surviving spouse, which is not identical to the issue of whether she has standing to bring a wrongful death claim as the surviving spouse; and (2) the exemplary damages exception to the exclusive remedy provision allows Sosa to bring a survival claim for exemplary damages based on gross negligence.
We conclude (1) the issue of Sosa's informal marriage to Howard is identical in the DWC proceeding and the wrongful death action, and therefore Sosa is precluded from relitigating that issue; and (2) the exemplary damages exception to the exclusive remedy provision permits only a wrongful death claim brought by a surviving spouse or heirs of the body, so it bars a survival claim for exemplary damages. We therefore affirm the probate court's summary judgment.
*400 BACKGROUND
CES owned and operated a chemical plant that provided industrial tank washing, transportation, and disposal services for hazardous and non-hazardous substances. Howard was employed at CES as an industrial chemical tank cleaner. On July 7, 2009, Howard died intestate as a result of an explosion while he was cleaning a tank.
CES maintained workers' compensation insurance for its employees. On June 28, 2010, Sosa filed a claim for death benefits with the DWC. Later, on October 28, 2010, Sosa filed an application to declare heirship in the probate court, and a petition asserting wrongful death and survival causes of action against CES and two other defendants.
At the DWC contested hearing, Sosa and the insurance carrier disputed whether Sosa and Howard were informally married pursuant to section 2.401 of the Texas Family Code. On May 2, 2011, the hearing officer determined Sosa and Howard were not informally married, and thus Sosa was not the surviving spouse and not entitled to death benefits. The appeals panel denied Sosa's request to review the hearing officer's decision, and the DWC's order became final on August 1, 2011. See Tex. Lab. Code Ann. § 410.204(c) (West Supp. 2017). Sosa did not seek judicial review of the DWC's decision.
On December 28, 2015, the probate court rendered a judgment declaring heirship, ruling that Sosa was Howard's common-law wife. The probate court also appointed her as the administrator of Howard's estate.
On March 8, 2016, CES filed a combined motion to dismiss and motion for traditional summary judgment in the wrongful death and survival case. In its motion to dismiss, CES argued the probate court lacked subject-matter jurisdiction because (1) the DWC has the exclusive jurisdiction to determine whether Sosa was Howard's surviving spouse, and (2) Sosa is collaterally estopped from relitigating the issue of whether Sosa is Howard's common-law spouse. In its traditional motion for summary judgment, CES argued (1) Sosa is collaterally estopped from relitigating the issue of whether Sosa is Howard's common-law spouse, and (2) Sosa's survival claim is barred by the exclusive remedy provision of the Workers' Compensation Act.
The probate court granted CES's motion for summary judgment without specifying any grounds and granted CES's unopposed motion to sever Sosa's claims against CES from her claims against the other two defendants. Sosa appeals, raising a single issue challenging the summary judgment.
ANALYSIS
I. Standard of review
We review a trial court's order granting a traditional summary judgment de novo. Mayer v. Willowbrook Plaza Ltd. P'ship , 278 S.W.3d 901, 908 (Tex. App.-Houston [14th Dist.] 2009, no pet.). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. Id.
To be entitled to a traditional summary judgment, the movant must show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). If the movant does so, the burden shifts to the nonmovant to produce evidence raising a fact issue. Lyda Swinerton Builders, Inc. v. Cathay Bank , 409 S.W.3d 221, 229 (Tex. App.-Houston [14th Dist.] 2013, pet. denied). In reviewing *401 the summary judgment, we consider only grounds that were expressly set forth in the motion.[1] Id.
II. The DWC's determination that Sosa is not Howard's surviving spouse precludes her from maintaining a wrongful death action as the surviving spouse.
CES sought summary judgment on Sosa's wrongful death claim based on a defense of collateral estoppel, arguing that Sosa lacks standing to bring the claim because the DWC previously found she was not informally married to Howard. The doctrine of issue preclusion, also known as collateral estoppel, precludes relitigating issues decided in a previous action even though a later action is based on a different claim. Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc. , 962 S.W.2d 507, 521 (Tex. 1998). A party seeking to assert the doctrine of issue preclusion must establish: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) the factual findings were essential to the judgment; and (3) the party against whom the doctrine is asserted was a party or in privity with a party in the first action. Sysco Food Servs., Inc. v. Trapnell , 890 S.W.2d 796, 801-02 (Tex. 1994). The doctrine requires that the issue decided in the first action be identical to the issue in the second action. Getty Oil Co. v. Ins. Co. of N. Am. , 845 S.W.2d 794, 802 (Tex. 1992).
Issue preclusion "applies to administrative agency orders when the agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." Turnage v. JPI Multifamily, Inc. , 64 S.W.3d 614, 620 (Tex. App.-Houston [1st Dist.] 2001, no pet.) (internal quotes omitted); see also Childs v. Haussecker , 974 S.W.2d 31, 43 (Tex. 1998) (noting a plaintiff's cause of action is subject to the doctrines of res judicata and collateral estoppel, and therefore a plaintiff's worker's compensation claim may affect the plaintiff's pending lawsuit); Puga v. Donna Fruit Co. , 634 S.W.2d 677, 678-81 (Tex. 1982) (applying elements of issue preclusion to determination by DWC's predecessor and holding issue was not precluded in subsequent wrongful death action).
For instance, in Jones v. Illinois Employers Insurance of Wausau , an order of the Industrial Accident Board (the DWC's predecessor) requiring the insurer to pay periodic benefits and medical expenses for a compensable injury precluded the insurer from challenging additional medical expenses for the same injury as noncompensable. 136 S.W.3d 728, 737-39, 744-45 (Tex. App.-Texarkana 2004, no pet.). The Board's order, which indicated the employee's cut finger caused a heart infection and ordered payment of medical expenses to treat the infection, was not appealed and became a final, binding order. Id. at 738. The court of appeals held the insurer could not relitigate the compensability of the employee's injury in response to a subsequent order to pay additional medical expenses. Id. at 738, 745.
Similarly, in Nairn v. Killeen Independent School District , a school teacher did not appeal the Texas Commissioner of Education's decision in a grievance proceeding related to the nonrenewal of the teacher's *402 contract. 366 S.W.3d 229, 242 (Tex. App.-El Paso 2012, no pet.). The decision included numerous findings of fact, which were therefore final and binding. Id. at 243. The teacher also sued the District, alleging whistleblower, discrimination, retaliation, and other claims. The court of appeals held that the Commissioner's factual determinations precluded at least one element of her claims. Id. at 247.
Here, Sosa argues the issues are not identical because the DWC proceeding sought to determine whether Sosa was an eligible "legal beneficiary" as the surviving spouse, whereas the issue in this wrongful death action is whether Sosa has "standing" as the surviving spouse. See Tex. Civ. Prac. & Rem. Code Ann. § 71.004(b) - (c) (West 2008) (defining who may bring wrongful death action); Tex. Lab. Code § 408.182 (defining eligibility for workers' compensation death benefits). We disagree because the factual issue in both cases is whether Sosa and Howard were informally married.
Both wrongful death and workers' compensation actions rely on the Family Code's informal marriage provision to determine whether persons were informally married. See Shepherd v. Ledford , 962 S.W.2d 28, 31-32, 35 (Tex. 1998) (wrongful death); Malik v. Bhargava , No. 05-13-00384-CV, 2014 WL 1022358, at *1-2 (Tex. App.-Dallas Feb. 19, 2014, no pet) (mem. op.) (wrongful death); Continental Cas. Ins. Co. v. Lavender , No. 02-10-00399-CV, 2011 WL 2306832, at *1-2 (Tex. App.-Fort Worth June 9, 2011, pet. denied) (mem. op.) (workers' compensation). Section 2.401 of the Family Code provides that an informal marriage may be proved by evidence that two people (1) agreed to be married, (2) lived together after that agreement, and (3) represented to others that they were married. Tex. Fam. Code Ann. § 2.401(a)(2) (West 2006).
The DWC hearing officer identified the factual dispute in the workers' compensation proceeding as whether Sosa and Howard "held themselves out to be husband and wife as required under ... Family Code § 2.401 Proof of Informal Marriage." In her order, the hearing officer found Sosa and Howard were not informally married and therefore concluded Sosa was not a proper legal beneficiary as the surviving spouse. This very same issue-whether Sosa and Howard were informally married under section 2.401 of the Family Code -also determines whether Sosa has standing in this case as a surviving spouse to bring a wrongful death claim for exemplary damages. See Shepherd , 962 S.W.2d at 35. Because the factual dispute regarding informal marriage was previously litigated and is essential to the resolution of both proceedings, we hold the issues are identical. In determining whether to apply issue preclusion (rather than claim preclusion), it is immaterial that a fact may fit into the distinct legal claims asserted in each proceeding in a different way-i.e., that whether Sosa was informally married affected the element of legal beneficiary status in the workers' compensation proceeding and the element of standing in the wrongful death suit.
The DWC order also reflects that the parties had a full and fair opportunity to litigate the issue of informal marriage. See Nairn , 366 S.W.3d at 243. The DWC hearing officer held a hearing and made findings of fact and conclusions of law on the informal marriage issue. See ids="7315173" index="23" url="https://cite.case.law/sw3d/366/229/#p242">id. Sosa presented affidavits and testimony from neighbors, relatives, her apartment manager, and a co-worker as evidence to prove her informal marriage to Howard. The hearing officer found the evidence that Sosa and Howard held themselves out as married was not persuasive, and that the evidence did not corroborate Sosa's testimony *403 that she and Howard agreed to be married. Because Sosa did not meet the requirements of an informal marriage, the hearing officer concluded she was not the surviving spouse and death benefits should not be paid to her. Under the doctrine of issue preclusion, the DWC's conclusion is binding on the trial court in Sosa's wrongful death action and precludes Sosa from relitigating the issue of an informal marriage to Howard. See ids="7315173" index="24" url="https://cite.case.law/sw3d/366/229/#p242">id. at 244 ; see also Tex. Lab. Code § 410.205.
At oral argument, counsel for Sosa argued issue preclusion cannot apply because there was a small amount in controversy in the DWC proceeding as compared to this wrongful death action for exemplary damages. See B & B Hardware, Inc. v. Hargis Indus. , --- U.S. ----, 135 S.Ct. 1293, 1309-10, 191 L.Ed.2d 222 (2015) ("Issue preclusion may be inapt if 'the amount in controversy in the first action [was] so small in relation to the amount in controversy in the second that preclusion would be plainly unfair.' " (citing Restatement (Second) of Judgments § 28, cmt. j)). We need not decide whether to adopt such an exception because it would not apply here. As counsel for CES pointed out, a surviving spouse receives weekly death benefits until death or remarriage. Tex. Lab. Code Ann. § 408.183(b). Sosa was 44 years old when Howard died. Death benefits have the potential to reach a substantial amount for a young surviving spouse.
Sosa also points out that before the probate court granted CES's motion for summary judgment, it signed a judgment declaring heirship that concluded Sosa was Howard's common-law spouse. But the heirship proceeding was uncontested. Because the issue of informal marriage was not fully and fairly litigated in the heirship proceeding, and CES is not in privity with a party to that proceeding, the heirship judgment has no preclusive effect. See Buster v. Metro. Transit Auth. , 835 S.W.2d 236, 237 (Tex. App.-Houston [14th Dist.] 1992, no pet.).
Because CES established every element of issue preclusion, Sosa was precluded from relitigating whether she was informally married to Howard to show she has standing to bring a wrongful death claim as his surviving spouse. See ids="9966397" index="29" url="https://cite.case.law/sw2d/835/236/#p237">id. Therefore, the trial court did not err in granting CES summary judgment on Sosa's wrongful death claim.[2]
III. The exclusive remedy provision of the Workers' Compensation Act bars Sosa's survival cause of action.
CES also obtained summary judgment on the survival claim Sosa brought as administrator of Howard's estate, which it argued was barred by the exclusive remedy provision of the Workers' Compensation Act. Section 408.001 of the Texas Labor Code provides that "[r]ecovery of workers' compensation benefits is the exclusive remedy for an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer ... for the death ... of the employee." Tex. Lab. Code Ann. § 408.001(a). This *404 section, however, "does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence." Id. § 408.001(b).
Sosa argues that this exemplary damages exception allows her to bring a survival claim based on gross negligence and seek recovery of exemplary damages. CES responds that the exception permitted under section 408.001(b) is for a wrongful death claim, not a survival claim. A survival claim, CES argues, is wholly derivative of the deceased's rights and thus barred by the exclusive remedy provision. We agree with CES.
By statute, a personal injury action survives the injured person's death and may be prosecuted on behalf of the deceased. See Tex. Civ. Prac. & Rem. Code Ann. § 71.021 (West 2008). The survival cause of action is "wholly derivative" of the deceased's rights, and the recoverable damages are those the decedent suffered while alive. Russell v. Ingersoll-Rand Co. , 841 S.W.2d 343, 345 (Tex. 1992). Under the Workers' Compensation Act, an employee of a subscribing employer waives any common-law or statutory cause of action to recover damages for personal injuries or death sustained in the course and scope of employment. See Tex. Lab. Code Ann. § 406.034(a). As noted above, recovery of workers' compensation benefits is that employee's exclusive remedy. Id. § 408.001(a). These provisions bar a survival claim brought on behalf of the deceased employee. See Aguirre v. Vasquez , 225 S.W.3d 744, 753 (Tex. App.-Houston [14th Dist.] 2007, no pet.).
In contrast to a survival claim, a wrongful death claim is brought for the exclusive benefit of the surviving spouse, children, or parents of the deceased. Tex. Civ. Prac. & Rem. Code § 71.004(a). The exemplary damages exception in section 408.001(b) permits only a wrongful death claim brought on behalf of a surviving spouse or heirs of the body, not a survival claim brought on behalf of the deceased employee. Ross v. Union Carbide Corp. , 296 S.W.3d 206, 214 (Tex. App.-Houston [14th Dist.] 2009, pet. denied) (en banc).
Because Sosa is barred from bringing a survival cause of action on behalf of Howard for exemplary damages, we hold it was not error for the probate court to grant summary judgment against Sosa on that claim.
CONCLUSION
We overrule Sosa's issue and affirm the trial court's judgment.

Sosa includes an argument in her appellate brief that the DWC does not have exclusive jurisdiction to decide whether a common-law marriage exists. Although CES filed a motion to dismiss based on exclusive jurisdiction, the probate court did not rule on the motion to dismiss. Because the judgment before us does not rest on the ground that DWC has exclusive jurisdiction, we do not address Sosa's argument against exclusive jurisdiction.

We note that CES did not move for summary judgment on the ground that Sosa lacks standing to bring a wrongful death claim as the appointed administrator of Howard's estate. Cf. Tex. Civ. Prac. & Rem. Code § 71.004(c) (providing for administrator to bring action under certain circumstances). But Sosa's counsel represented at argument that Howard did not have any children and that his parents were deceased. See id. § 71.004(a) (defining beneficiaries of wrongful death action). Because there is no one else who could benefit from a wrongful death action brought by Sosa as the administrator of Howard's estate, counsel said that Sosa does not seek a remand to proceed with that action as administrator for the benefit of someone else.